## Richmond

COMMONWEALTH MECHANICAL CONTRACTORS, INC., ET AL.

V.

STANDARD FEDERAL SAVINGS AND LOAN, ET. AL.

September 11, 1981.

Record No. 800374.

Present: Harrison, Poff, Thompson, JJ., and Harman, S.J.

*Patricia A. Barton* (*Lowe & Barton*, on briefs), for appellants.
*David Hugh Boyd* for appellees.

PER CURIAM.

Commonwealth Mechanical Contractors, Inc., and Fairfax Sheet Metal, Heating and Air Conditioning, Inc., (appellants) timely filed memoranda of mechanics' liens against Lakeland Enterprises, Inc., (Lakeland) in January of 1977. Lakeland subsequently defaulted on its construction loan, and Standard Federal Savings and Loan Association (Standard Federal) became the owner of record of the real estate subject to appellants' mechanics' liens. Appellants filed bills of complaint to enforce their mechanics' liens in May and June 1977, but both failed to name Standard Federal as a party defendant. The trial court granted appellants leave to amend the bills of complaint to include Standard Federal as a defendant. Standard Federal demurred to the amended bills of complaint on the ground that suit was not brought against it within six months "from the time when the memorandum of lien was recorded." Code § 43-17. The trial court properly sustained these demurrers. *See Neff* v. *Garrard*, 216 Va. 496, 498, 219 S.E.2d 878, 879-80 (1975).

Fairfax Lumber and Millwork Company, Inc., (Fairfax Lumber) also filed a memorandum of a mechanics' lien in January 1977. It filed a bill of complaint to enforce the lien in June 1977. Named as defendants in the suit were Lakeland, Standard Federal and fifteen other holders of mechanics' liens against the property. Appellants were included among the defendants named in this suit. The bill of complaint averred that at least thirty-five mechanics' liens had been filed against the property, and a schedule giving the specifics of the liens was attached to the bill.

In June 1979, over two years after the filing of their memoranda of mechanics' liens, appellants sought to enforce their

mechanics' liens by filing intervening petitions in the pending suit brought by Fairfax Lumber. Appellees[1] demurred to the petitions, contending that enforcement of appellants' mechanics' liens was barred because the intervening petitions were not filed within the limitation period set out in Code § 43-17. The trial court sustained the demurrers and dismissed the intervening petitions. In this appeal, we determine if the trial court properly sustained the demurrers to appellants' intervening petitions.

Code § 43-22[2] allows a lienor to seek enforcement of his lien in a second lienor's suit to enforce a mechanics' lien against the same property. Code § 43-17 provides that "[n]o suit to enforce any lien perfected under §§ 43-4, 43-5 and 43-7 to 43-10" shall be brought except within a specified time period and that "the filing of a petition to enforce any such lien in any suit wherein such petition may be properly filed shall be regarded as the institution of a suit under this section." The text of these portions of Code §§ 43-17 and 43-22 has remained virtually unchanged since their simultaneous enactment by the General Assembly, Acts, 1893-94, c. 535 at 576. This common history dictates that each provision be interpreted in light of the other. When read together, it is clear that these code sections require that a lienor's intervening petition in a suit to enforce a mechanics' lien be filed within the limitation period provided in Code § 43-17. Although the filing of an intervening petition in a suit filed by another lienor is the equivalent of instituting a suit under Code § 43-17, being named a party defendant in a suit by a lienor is not. It is important for the owner, the builder, and the lender to know at an early date the extent to which the property involved in encumbered. Merely naming a lienor in a suit is not enough to provide this information because it does not establish the validity of the lien or the amount due thereunder. The limitation period set out in Code § 43-17 ensures that the three principals named above will know the lienors who seek to enforce mechanics' liens recorded against the property and the

[1] Commonwealth Investment Mortgage Co., James N. and Helen J. Dean, Thane S. and Frances R. Lohr, James A. and Pamela A. Brown, and Cherie V. Hamden. The appellees are the owners of the parcels upon which Commonwealth Mechanical and Fairfax Sheet sought to enforce their liens at the time they filed their intervening petitions.

[2] Code § 43-22 provides in pertinent part:
When suit is brought for the enforcement of any such lien against the property bound thereby, all parties entitled to such liens upon the property or any portion thereof may file petitions in such suit asking for the enforcement of their respective liens to have the same effect as if an independent suit were brought by each claimant.

amount claimed to be due not later than "six months from the time when the memorandum of lien was recorded or . . . sixty days from the time the building, structure or railroad was completed or the work thereon otherwise terminated."

We reject the appellants' contention that *Spiller* v. *Wells*, 96 Va. 598, 32 S.E. 46 (1899), is controlling and mandates reversal of the circuit court's judgment. In *Spiller*, the primary issue was a jurisdictional dispute between two courts of concurrent jurisdiction concerning suits filed in each court to enforce mechanics' liens upon the same property. Barnard & Co., a subcontractor of Wells, filed suit in a circuit court to enforce the mechanics' lien against property owned by Spiller. Later, but within the statutory period, Wells filed a separate suit in a court of law and chancery to enforce his mechanics' lien against Spiller. Barnard filed a petition in Wells' suit, asking the court to dismiss or stay Wells' suit until disposition of Barnard's suit. The court of law and chancery dismissed Barnard's petition. Reversing the court of law and chancery, we held that the court first acquiring jurisdiction over the subject matter should decide all questions flowing out of the controversy. In the course of the opinion, we concluded that Barnard's suit, which named Wells as a party defendant, tolled the statute of limitations for Wells and other subcontractors claiming under him.[3] *Id.* at 602, 32 S.E. at 48. While this portion of *Spiller* might be interpeted to hold that a lienor's being named a party defendant tolls the time period within which a suit must be filed even though the lienor has not filed a petition to enforce his lien, we confine the *Spiller* holding to cases involving liens filed by a general contractor and his subcontractors. In the instant case, we are concerned only with the liens filed by general contractors.

*Richmond Eng. Corp.* v. *Loth*, 135 Va. 110, 157-59, 115 S.E. 774, 788 (1923), and *Francis, et als.* v. *Hotel Rueger*, 125 Va. 106, 99 S.E. 690 (1919), are likewise inapposite. In both cases, the lienors seeking to enforce their mechanics' liens in suits filed by other parties had neither filed intervening petitions nor become parties to the second lienor's action prior to the expiration of their

---

[3] Wells, of course, had filed a petition within the statutory period in the court of law and chancery. While the other subcontractors did not timely file bills of complaint, the general contractor's mechanics' lien inured to their benefit. 96 Va. at 601, 32 S.E. at 47. *See* Code § 43-18.

liens. Despite certain language found in these opinions,[4] we conclude that neither case stands for the proposition that a lienor, who is named as a party in a second lienor's suit to enforce a mechanics' lien, may seek to enforce his own lien in that suit if he has failed to file a petition seeking enforcement of his lien within the time period prescribed by Code § 43-17.

For the reasons stated, we will affirm the judgment of the circuit court.

*Affirmed.*

---

[4] Both opinions implied that the statute of limitations would have been tolled if the lienors had been parties to the third parties' suit within the prescribed period. Of course, one's filing of an intervening petition contemplated by Code § 43-17 would make one a party to the suit, and we construe both cases' references to mean that the statute would have been tolled if the lienors had become parties by filing intervening petitions within the prescribed period.