## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Burton Lumber Corp.

v.

Davis Construction and Development
Corp. et al.

April 11, 1983

Case No. C82-108

By JUDGE BERNARD G. BARROW

This is being heard on a petition to determine if certain mechanic's liens are void and unenforceable because suits to enforce the liens were not brought within the six months limitation period contained in Va. Code § 43-17.

On January 20, 1982, the complainant filed a Bill of Complaint to enforce a mechanic's lien against certain real property. At the time, Stewart Title of Tidewater was the owner of the property and as such was named a party defandant.

On April 22, 1982, title to the property was conveyed by a trustee's deed to Dominion National Bank which was not a defendant in the proceeding, although trustees under deeds of trust for its benefit were.

Between May 11, 1982, and June 11, 1982, intervening petitions were filed on behalf of four additional lienors. The lienors and their dates of filing were: Blassingham and Johnson Contractors Supply Corp. (May 12, 1982), Pembroke Drywall, Inc. (June 1, 1982), Chesapeake Electric, Inc. (June 4, 1982), and Lone Star Cement, Inc. (June 14, 1982).

On June 15, 1982, Dominion National Bank conveyed the property to John D. and Rhonda F. Floasin who also were not defendants in the proceeding. Thereafter, on June 25, 1982, three additional lienors, Harvey Wilson, Billy Gene Davis, and C & O Tile and Ceramic Mechanics, Inc., filed intervening petitions. All of the intervening petitions were filed within six months of the recordation of the Memoranda of Lien of each of the intervening petitioners. However, during that time, neither Dominion National Bank nor John D. and Rhonda F. Floasin were made defendants.

A suit to enforce a mechanic's lien must be filed within six months after the recordation of the Memorandum of Lien upon which the suit is based. Va. Code Sec. 43-17; *Neff* v. *Garrard*, 216 Va. 496 (1975). This limitation also applies to an intervening petition filed in an already pending proceeding. *Commonwealth Mechanical Contractors, Inc.* v. *Standard Federal Savings and Loan*, 222 Va. 330 (1981).

For such a lien to be enforceable, the proceeding must be brought against the party who owns the property at the time suit is instituted. *Ibid.* Furthermore, an intervening petition must be given the same effect "as if an independent suit were brought by each claimant." Va. Code § 43-22 (1981).

The Supreme Court has explained the importance of Va. Code § 43-17 by saying:

> It is important for the owner, the builder, and the lender to know at an early date the extent to which the property involved is encumbered. *Commonwealth Mechanical Contractors, Inc.* v. *Standard Federal Savings and Loan, supra* at 332.

It also pointed out that a suit that does not establish the validity of the lien or the amount due thereunder is not sufficient to provide this information. *Ibid.*

Enlightening also is the Court's observation that Va. Code § 43-17 "creates a right unknown at common law and makes a time limitation the essence of the right as well as a constriction upon the remedy, the right expires upon the expiration of the limitation; and the

expiration of the right is an absolute defense which can be asserted either by demurrer or by plea of the Statute of Limitations." *Neff* v. *Garrard, supra* at 497.

The intervening petitions filed after the property was conveyed to John D. and Rhonda F. Floasin did not make the then owners of the property parties to the proceeding. Thus, the validity and amount of the liens cannot be determined, and the requirements of Va. Code Sec. 43-17 have not been met. The time limitation having now expired, the statutory right of which it is a part also must expire; therefore, the liens asserted cannot now be enforced.

The remaining intervening petitions, that is, those which were filed prior to the date Dominion National Bank conveyed the property to the Floasins, but after the property had been conveyed to Dominion National Bank, suffer the same deficiency unless it can be said that naming the trustees under the deed of trust in favor of Dominion National Bank as defendants obviates the necessity of actually naming Dominion National Bank as a defendant.

However, the Supreme Court early observed that the doctrine of representation does not apply in Virginia between a trustee and the beneficiary of a trust so as to hold the beneficiary "concluded by decrees in cases in which the trustee is a party" but the beneficiary is not. *Moorman* v. *Arthur*, 90 Va. 455, 473-74 (1894). More recently it has similarly observed that a trustee in a deed of trust is authorized to act with reference to the trust property only in the manner in which the deed either by express terms or by necessary implication provides and that a trustee's power is thus limited and defined by the instrument under which he acts. *First Funding Corp.* v. *Birge*, 220 Va. 326 (1979).

Therefore, it would appear that the presence of the trustees as defendants in the proceeding is not sufficient to bind the beneficiaries as to the validity or amount of the lien. The purpose, therefore, of Code Section 43-17 is not accomplished and the liens are not enforceable by virtue of the intervening petitions.