## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

W. D. Sams and Son, Inc.

v.

Davis Construction and Development
Corp. et al.

April 11, 1983

Case No. C82-935

By JUDGE BERNARD G. BARROW

This is being heard on a petition to determine if the complainant's mechanic's lien is void and unenforceable because a suit to enforce the lien was not brought against the owner of the property within the six month's limitation period contained in Va. Code Section 43-17.

On April 23, 1982, this proceeding was filed naming as defendants both Stewart Title of Tidewater, the owner of the property, and Dominion National Bank, the beneficiary of a deed of trust on the property. However, this was incorrect since on April 22, 1982, the day immediately preceding the filing of this suit, title to the property had been conveyed to Dominion National Bank by a trustee's deed.

Thus, Stewart Title of Tidewater was not owner at the time of filing and Dominion National Bank was. Dominion National Bank now contends that since it was not named as owner, the action was not filed against it within the statutorily required time period and the complainant's lien is therefore unenforceable.

A suit to enforce a mechanic's lien must be filed against the owner of the property within six months from the time the memorandum of lien is recorded. Va. Code Section 43-17 (1981); *Commonwealth Mechanical Contractors,*

*Inc.* v. *Standard Federal Savings and Loan,* 222 Va. 330 (1981). The Supreme Court has explained the purpose for this requirement by saying: "It is important for the owner, the builder, and the lender to know at an early date the extent to which the property involved is encumbered." *Commonwealth Mechanical Contractors, Inc.* v. *Standard Federal Savings and Loan, supra* at 332. This purpose is accomplished when, as in this case, the true owner is named as a defendant, although not as owner but as beneficiary of a deed of trust. It thereby knows at an early date the extent to which the property involved is encumbered and is made a party to the proceeding.

Therefore, I am of the opinion that the complainant's lien is not void and unenforceable on the ground that no suit was filed to enforce it within the statutory limitation period.