**In re Warren Jeffery BAIN Susan Rhudy Bain, Debtors.**

**H.T. BOWLING, INC., Movant,**

**v.**

**Warren Jeffery BAIN Susan Rhudy Bain, Respondents.**

**Bankruptcy No. 7–84–00932.**

United States Bankruptcy Court,
W.D. Virginia,
Roanoke Division.

Aug. 23, 1985.

Joseph P. Bounds, Roanoke, Va., for debtors.

Daniel D. Hamrick, Radford, Va., for H.T. Bowling, Inc.

## MEMORANDUM OPINION

THOMAS J. WILSON, Bankruptcy Judge.

Warren Jeffrey and Susan Rhudy Bain, Chapter 11 Debtors, filed a motion requesting that the Court find H.T. Bowling, Inc., one of their creditors, in violation of the automatic stay for attempting to enforce a mechanic's lien without first obtaining relief from the stay.

On September 20, 1984, Warren and Susan Bain filed a Chapter 11 petition for relief. H.T. Bowling, Inc. admits receiving notice of the filing. The next month, H.T. Bowling, Inc., a contractor, completed work on some real property owned by the Debtors. To perfect its lien on the property H.T. Bowling, Inc. filed a memorandum of mechanic's lien on November 26, 1984. This lien claimed indebtedness due from the Debtors on 6.125 acres of land located in Pulaski County, Virginia, and described as River Hills Townhomes. On April 17, 1985, without obtaining relief from the stay, H.T. Bowling, Inc. filed a Bill of Complaint in the Circuit Court for Pulaski County to enforce its mechanic's lien. This motion was then filed.

The issue before the Court is whether the filing of the state court action on April 17, 1985, without having obtained relief from the stay, constitutes a violation of the stay provisions of 11 U.S.C. § 362.

H.T. Bowling, Inc. takes the position that it did not violate the stay because filing a bill to enforce the mechanic's lien is merely a part of the process required by Virginia law to perfect a mechanic's lien and that § 362(b)(3) allows such perfection.

Section 362(b)(3) does describe an exception to the general prohibition against any post-petition efforts to obtain property of the estate or to perfect a lien. It states:

(b) the filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

(3) under subsection (a) of this section of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title.

Thus, if post-petition perfection of an interest in property would give a creditor rights in the property superior to those of the Trustee as a hypothetical lien creditor on the date of the petition, then perfection is not prohibited. Section 546(b) describes how an entity could acquire rights in property superior to those of the Trustee.

(b) The rights and powers of the trustee under section 544, 545 or 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. . . .

The legislative history of this section clarifies this language describing the limitations upon the trustee's avoiding powers.

If the interest holder against whom the trustee would have rights still has, under applicable non-bankruptcy law, as of the date of the filing of the petition, the opportunity to perfect his lien against an intervening interest holder, then he may perfect his interest against the trustee ... The rights granted to a creditor under this subsection prevail over the trustee only if the transferee has perfected the transfer in accordance with applicable law and that perfection relates back to a date that is before the commencement of the case.

H.R. No. 95–595, 95th Cong., 1st Sess. (1977) 371, U.S.Code Cong. & Admin.News 1978, 5787, 5963, 6327; S.R. No. 95–989, 95th Cong., 2nd Sess. (1978) 86, U.S.Code Cong. & Admin.News 1978, 5787, 5872.

Both the statutory language and the legislative history speak only to *perfection* of a security interest in accordance with applicable law. Enforcement of a security interest is not included.

Similarly, Collier discusses § 546(b) only in terms of perfecting not enforcing. Collier gives an example of a situation where § 546(b) would apply.

> Perfection of a purchase money security interest within ten days of its making will relate back to defeat an intervening lien creditor whose rights arise during the period between the making of the security agreement and its perfection. In this situation, the trustee as an intervening lien creditor, cannot avoid the purchase money security interest that is unperfected on the date the petition is filed, so long as the holder of the purchase money security interest later perfects within the ten-day period.

4 *Collier on Bankruptcy,* ¶ 546.03 at 546–8 (15th ed. 1982)

The above example applies perfection rules of the Uniform Commercial Code, but the same analysis applies to perfection rules under the mechanic's lien statutes of Virginia. So long as state law permits a relation-back type of perfection which would defeat an intervening lien creditor, § 546(b) allows the creditor to perfect and allows the relation-back feature to defeat the rights of the bankruptcy trustee.

The Virginia mechanic's lien statutes, *Code of Virginia,* §§ 43–1 to 43–23.2, (Repl.Vol.1981 and Cum.Supp.1985) allow for such a relation back. Section 43–4 describes the method of perfecting a mechanic's lien: "A general contractor, or any other lien claimant under §§ 43–78 and 43–9, in order to perfect the lien given by § 43–3, shall file ... a memorandum...." Section 43–17 describes the time limitations within which the suit to enforce the lien must be brought. It provides that "[T]he filing of a petition to enforce any such lien[,] in any suit wherein such petition may be properly filed[,] shall be regarded as the institution of a suit under this section...." It also provides that:

> No suit to enforce any lien perfected under §§ 43–4, 43–5 and 43–7 to 43–10 shall be brought after six months from the time when the memorandum of lien was recorded or after sixty days from

the time the building, structure or railroad was completed or the work thereon otherwise terminated, whichever time shall last occur....

This language implies that the perfection statutes are §§ 43–4, 43–5 and 43–7 to 43–10 and therefore § 43–17 is not a perfection provision. Since it concerns enforcement of a perfected interest, it is an enforcement provision rather than a perfection provision. Section 362 treats enforcement of a lien differently than perfection of a lien.

Clearly, 11 U.S.C. § 362(a)(4) prevents the filing of a suit to enforce any lien against property of the estate and this prohibition is not affected by the exception of § 362(b)(3) which permits certain acts to perfect. Furthermore, the mechanic's lienor should not lose its lien for failure to timely enforce it under state law because 11 U.S.C. § 108(c) provides for an extension of time for commencing a civil action in a court other than a bankruptcy court on a claim against the debtor.

Counsel for H.T. Bowling, Inc. in his memorandum of law which was submitted on this issue correctly concludes that the automatic stay does not apply to any act to perfect a Virginia mechanic's lien. The fault in counsel's argument lies in his assertion that perfecting a mechanic's lien is a two-step process in Virginia, the first step being the filing of the memorandum of mechanic's lien and the second being the filing of a bill to enforce the mechanic's lien within the time specified. If filing the suit to enforce the lien were part of the perfection process then § 362(b)(3) would allow such perfection. For the reasons stated, however, this Court cannot conclude that Virginia law as applied in a bankruptcy situation requires the commencement of an action in order to perfect a mechanic's lien.

An appropriate order will enter.