In re BAIN, Warren Jeffery and Susan Rhudy, Debtors.

H.T. BOWLING, INC., Appellant,

v.

BAIN, Warren Jeffery and Susan Rhudy, Appellees.

Bankruptcy No. 7–84–00932R.
Civ. A. Nos. 85–812R, 86–0025R.

United States District Court,
W.D. Virginia,
Roanoke Division.

April 29, 1986.

Daniel C. Hamrick, Clifford L. Harrison, Spiers, Stone, Hamrick & Wall, Radford, Va., for appellant.

Joseph P. Bounds, Bounds & Dorsey, Radford, Va., for appellees.

## MEMORANDUM OPINION

TURK, Chief Judge.

In these consolidated appeals, Appellant H.T. Bowling, Inc. ("Bowling") appeals a number of decisions of the Bankruptcy Court arising out of proceedings involving Warren J. Bain and Susan R. Bain. For the reasons set forth below, the decisions of the Bankruptcy Court will be affirmed in part and reversed in part.

### BACKGROUND

The facts relevant to the instant appeals are simple and undisputed. On September 20, 1984, Warren and Susan Bain filed a petition for relief under Chapter 11 of the Bankruptcy Code. Bowling, a contractor

doing work on certain pieces of real property owned by the Bains, admits receiving notice of the filing. The following month, Bowling completed the work it was doing.

On November 26, Bowling filed a memorandum of mechanics' lien on the property, in accordance with Virginia law. The lien claimed indebtedness due from the Bains on 6.125 acres of land located in Pulaski County, Virginia, described as River Hills Townhomes. On April 17, 1985, without obtaining relief from the stay in the bankruptcy proceedings, Bowling filed a bill of complaint in the Circuit Court for Pulaski County to enforce its mechanics' lien.

Thereafter, the Bains filed a motion in the Bankruptcy Court requesting that court find Bowling in violation of the automatic stay for attempting to enforce a mechanics' lien without first obtaining relief from the stay. On August 23, 1985, 52 B.R. 58, the Bankruptcy Court determined that Bowling had violated the automatic stay by filing the bill of complaint in state court, and held Bowling in contempt of the court therefor. On November 22, 1985, the Bankruptcy Court ordered Bowling to pay the Bains $1,077.75 for attorneys fees and expenses. This appeal followed.

## ANALYSIS

In this court, Bowling contends that the Bankruptcy Court erred in concluding that Bowling violated the automatic stay of § 362. Bowling argues that it did not violate the stay by filing a bill of complaint to enforce its mechanics' lien because it contends that such a filing is part of the process required by Virginia law to perfect a mechanics' lien, and that 11 U.S.C. § 362(b)(3) allows such perfection. This court is unconvinced.

 Section 362(b)(3) does describe an exception to the general prohibition against any post-petition efforts to obtain property of the estate or to perfect a lien. It states:

(b) the filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

(3) under subsection (a) of this section of any act to perfect an interest in property to the extent that the trustee's rights and powers are subject to such perfection under section 546(b) of this title.

Thus, if post-petition perfection of an interest in property would give a creditor rights in the property superior to those of the trustee as a *hypothetical lien creditor* on the date of the petition, perfection is not prohibited. Section 546(b) describes how an entity could acquire rights in property superior to those of the trustee.

The rights and powers of the trustee under Section 544, 545, or 549 of this title are subject to any generally applicable law that permits perfection of an interest in property to be effective against an entity that acquires rights in such property before the date of such perfection. If such law requires seizure of such property or commencement of an action to accomplish such perfection, and such property has not been seized or such action has not been commenced before the date of the filing of the petition, such interest in such property shall be perfected by notice within the time fixed by such law for such seizure or commencement.

 The legislative history of Section 546 clarifies this language describing the limitations upon the trustee's avoiding powers.

If the interest holder against whom the trustee would have right still has, under applicable non-bankruptcy law, as of the date of the filing of the petition, the opportunity to perfect his lien against an intervening interest holder, then he may perfect his interest against the trustee.... The rights granted to a creditor under this subsection prevail over the Trustee only if the transferee has perfected the transfer in accordance with applicable law and that perfection relates back to a date that is before the commencement of the case.

H.R.Rep. No. 95–595, 95th Cong., 2d Sess. 371, reprinted in 1978 U.S.Code Cong. &

Ad.News 5963, 6327; S.Rep. No. 95–989, 95th Cong., 2d Sess. 86, 1978 U.S.Code Cong. & Ad.News 5787, 5872. Section 546 thus allows, in cases where state law permits it, a creditor to perfect his lien following the filing of a debtor's bankruptcy petition. Both the statute and legislative history, however, speak only to *perfection* of a creditor's lien or security interest. Enforcement of the security interest or lien, on the other hand, is not permitted.

■ The Virginia mechanics' lien statutes, Va.Code § 43–1 *et seq.* (1981 Repl. Vol. & Supp.1985) provide certain creditors the right to perfect their liens, and relation back of such perfection is plainly permitted under Section 546. Section 43–4 describes the method of perfecting a mechanics' lien: "A general contractor, or any other lien claimant under §§ 43–7 and 43–9, in order to perfect the lien given by § 43–3, shall file ... a memorandum...." Accordingly, it was perfectly proper for Bowling to file its memorandum of mechanics' lien subsequent to the filing of the Bain's bankruptcy petition.

■ Bowling then argues that in spite of the bankruptcy petition, it was appropriate, or even necessary, for it to file a bill of complaint in the Virginia state court to preserve its mechanics' lien. In support of this argument, Bowling points to Va.Code § 43–17, which provides:

> No suit to enforce any lien perfected under §§ 43–4, 43–5 and 43–7 to 43–10 shall be brought after six months from the time when the memorandum of lien was recorded or after sixty days from the time the building, structure, or railroad was completed or the work thereon otherwise terminated, whichever time shall last occur; provided, however, that the filing of a petition to enforce any such lien in any suit wherein such petition may be properly filed shall be regarded as the institution of a suit under this section; and provided further, that nothing herein shall extend the time within which such lien may be perfected.

Bowling contends that § 43–17 demonstrates that perfecting a mechanics' lien in Virginia is a two-step process, with the filing of a bill of complaint being the necessary second step in the process.

The court believes Bowling's argument demonstrates a fundamental misunderstanding of perfection of a mechanics' lien in Virginia, and the interaction of the bankruptcy laws with the mechanics' lien provisions. Perfection of a mechanics' lien is a one-step process in Virginia. Upon the filing of a memorandum in accordance with Va.Code § 43–4, the creditor's lien is perfected. Va.Code § 43–17, cited by Bowling, is merely a statute of limitations governing the period within which a lienor must file a claim to collect on his perfected lien. *See Commonwealth Mechanical Contractors, Inc. v. Standard Federal Savings & Loan,* 222 Va. 330, 331, 281 S.E.2d 811, 812 ("... a lienor's ... suit to enforce a mechanics' lien [must] be filed within the limitation period provided in Code § 43–17.") § 43–17 is not a perfection statute, or as Bowling contends, a statute of creation. Rather, it limits the enforcement period of the perfected lien.

Since the filing of a bill of complaint in the state court constitutes an attempt to enforce a perfected mechanics' lien, and not a step in the perfection process, Bowling plainly violated the automatic stay of Section 362 in the present case. Section 362 treats enforcement of liens much differently than their perfection. Specifically, Section 362(a)(4) prohibits the filing of suit to enforce any lien against property of the debtor's estate.[1]

The court also wishes to note that Bowling need not have worried about having the limitations period on its lien run out during pendency of the Bain bankruptcy. If, for some reason, Bowling's claim could not be settled in the bankruptcy proceedings, Bowling would be protected by 11 U.S.C. § 108(c). This provision provides, in essence, that any statute of limitations im-

---

1. Thus, it matters not, despite Bowling's contention, that Bowling did not pursue the matter in state court after the bill of complaint had been filed.

posed by state law on a claim against a debtor who enters bankruptcy is tolled during the bankruptcy proceedings. Accordingly, the proper procedure for a perfected mechanics' lienor following the filing of a debtor's bankruptcy petition is to attempt to recover in the bankruptcy proceedings. The perfected mechanic's lienor should not file a bill of complaint in the state court.

█ Confirming that Bowling violated the automatic stay does not, however, require this court to affirm the remaining aspects of the Bankruptcy Court's orders. The Bankruptcy Court held Bowling in contempt because it had violated the automatic stay, and ordered Bowling to pay the Bains' attorneys fees and costs. Because this court believes the Bankruptcy Court proceeded under a misapprehension of law in these holdings, those parts of the court's orders holding Bowling in contempt and ordering Bowling to pay attorneys' fees and costs will be reversed.

Initially, the court notes that parties traditionally have been held in contempt of court only when their conduct is willful, intentional and pernicious. In the instant case, the Bankruptcy Court made no determination that Bowling's conduct in filing the bill of complaint in state court was willful and pernicious.[2] Indeed, on the record before this court, no such determination could be made. Rather, it appears to this court that Bowling made a good faith attempt to comply with what it viewed as a requirement of Virginia law. While Bowling was plainly wrong in doing what it did, this court could not uphold a finding that its conduct was an attempt to circumvent the jurisdiction of the Bankruptcy Court. Accordingly, the Bankruptcy Court's determination that Bowling was in contempt of that court cannot stand.

More fundamentally, however, the court notes that in taking the action it did, the Bankruptcy Court overlooked legislation designed to deal with the very problem before the Bankruptcy Court in this instance. The Bankruptcy Amendments and Federal Judgeship Act of 1984 enacted new Section 362(h) to the bankruptcy laws. It reads as follows:

> An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorney's fees, and, in appropriate circumstances, may recover punitive damages.

Because the Bankruptcy Court failed to even consider the applicability of new Section 362(h) to the instant case, its judgment cannot stand.

Section 362(h) seems to permit the recovery of attorneys' fees and costs in certain cases where the automatic stay is violated. Before such recovery can be had, however, the Bankruptcy Court must make at least two determinations. First, the Bankruptcy Court must determine that the individual seeking the award was indeed injured by the violation of the automatic stay. Second, the court must determine that the violation was willful. In the instant case, neither determination was made by the Bankruptcy Court. Accordingly, its award of attorneys' fees and costs cannot stand.

## CONCLUSION

For the reasons set forth above, the part of the Bankruptcy Court's orders finding that Bowling violated the automatic stay is affirmed. In addition, those parts of the Bankruptcy Court's orders holding Bowling in contempt and ordering it to pay attorneys' fees and costs are reversed.

---

**2.** Instead, the court seemed to proceed on the assumption that violation of the automatic stay automatically meant that Bowling was in contempt.