## CIRCUIT COURT OF STAFFORD COUNTY

Springfield Engineering Corporation, P.C.

 v.

Three Score Development Corp., et al.

October 21, 1992

Case No. (Chancery) 395–89

BY JUDGE JAMES W. HALEY, JR.

Section 43–22 of the Code of Virginia requires a mechanic's lienor to attach to his bill to enforce his lien:[1]

> an itemized statement of his account, showing the amount and character of the work done or materials furnished, the prices charged therefor, the payments made, if any, the balance due, and the time from which interest is claimed thereon.

The issue here for resolution is whether the lienor, Blue Ridge Construction Corporation, has complied with the quoted statutory mandate.

Blue Ridge filed the following ("the attachments") with its pleading:

(1) a copy of the contract between itself and the owner, Three Score Development Corporation, which detailed Blue Ridge street and site work for a 68 lot subdivision and set forth specific prices and draw schedules for each type of work, and

(2) six invoices, on each of which was set forth a specific description of the work done or material supplied, e.g., number of cubic yards of material excavated, types of machines used and hours on each, number of loads of gravel installed, etc., etc., and

---

[1] The statute applies equally to a Petition to Intervene in a pending Bill to Enforce, as is here the procedural posture. See, Commonwealth Mechanical Contractors v. Standard Federal Savings & Loan, 222 Va. 330, 281 S.E.2d 811 (1981).

(3) attached to each invoice the daily job tickets showing the work performed or material supplied, as summarized on each invoice.[2]

Dominion Bank of Richmond, a party to the Bill to Enforce,[3] has moved the court for summary judgment, claiming the attachments do not constitute "an itemized statement of account . . ." as a matter of law. In *Coleman v. Pearman*, 159 Va. 72, 79, 165 S.E. 371, 372 (1932), the court quoted with approval the following from *Francis & Co. v. Hotel Rueger*, 125 Va. 106, 121, 99 S.E. 690, 694 (1919):

> An examination of outside authorities shows that there exists a hopeless diversity of opinion as to whether mechanics' lien statutes should receive a liberal or strict construction. We believe the correct rule deducible from the language and purpose of our statute and the decisions of this court with respect to it is that there must be a substantial compliance with the requirement of that portion of the statute which relates to the creation of the lien, but that the provisions with respect to its enforcement should be liberally construed.

*See also*, 12B M.J. *Mechanics' Liens*, § 3, n. 17, p. 491 (1992 Repl. Vol.)

Three Score does *not* claim Blue Ridge has failed to comply with statutory requirements for *creation* of its mechanics lien in its recorded Memorandum of Lien but only that the attachments are insufficient as part of Blue Ridge's pleadings to *enforce* its lien. That precise distinction was noted in *Knight v. Ferrante*, 202 Va. 243, 247–248, 117 S.E.2d 283, 286 (1960):

> The Knights attack the sufficiency of the bill and intervening petition because, they say, the statements of account incorporated in or filed with these pleadings do not meet the requirements of Code § 43–22, in that they are not itemized and do not sufficiently show the amount and character of the work done or materials furnished. They rely upon . . . [citations omitted]. These cases deal with the sufficiency of the account which was required under the former statute (Pollard's Code of 1904, § 2476) to be filed "in the clerk's office" in perfecting a lien. We held that such an account was

---

[2] One invoice and one job ticket is attached hereto and incorporated herein, as a representative sample of all invoices and job tickets.

[3] and Gill and Jones, Trustees, and Davenport, beneficiary.

"one of the most important steps in the establishment of a mechanic's lien" and that the requirement of the statute must be substantially complied with . . . [citation omitted].

In the present case, we are not concerned with an account which is required to be recorded as an integral part of the lien. The present statute requires the recordation of a memorandum of the lien instead of an account. Code § 43–4 ff.; Burks Pleading and Practice, 4th Ed., § 459, p. 890. Here we are concerned with the account which Code § 43–22 requires to be filed with the plaintiff's pleadings for the purpose of giving information as to the particulars of the claim. There is no suggestion in that section that particularity in the account is jurisdictional, or that lack of particularity is fatal and requires a dismissal of the claim. It is a long-settled practice in this jurisdiction that when a defendant is not satisfied with the alleged particulars of the plaintiff's claim, he may ask for and usually obtains, under the direction of the court, further particulars of the claim. Here the owners sought no further particulars of the subcontractors' claims but in effect moved to strike the bill and intervening petition on the ground of the alleged insufficiency of the accounts. The lower court properly overruled that motion.

In other jurisdictions which have dealt with the matter, it is held that where the mechanics' lien statute requires a claimant's pleading to be accompanied by an itemized account, the meagerness of the statement of items filed is not a ground for striking the complaint. 57 C.J.S., *Mechanics' Liens*, § 294-h, p. 934.

In *Rust v. Flooring Company*, 151 Va. 845, 862, 145 S.E. 321, 325 (1928), the court stated:

It is further claimed that the Indiana Flooring Company's account is not itemized as required by § 6437 of the Code.[4] It agreed with Weston to put down new wood floors in the three dwelling houses for $969.00 and furnished four rolls of building paper at $2.00 each. The account clearly itemized the things contracted for and supplied. The law does not require anything further.

---

[4] Section 6437 of the Code 1919 is now Section 43–22.

It is clear from the foregoing that the provisions of § 43–22, "How liens are enforced," are to be liberally construed in the favor of the lienor. Without setting forth herein the particulars of the itemized statements of accounts set forth in *Francis*, *Rust*, and *Knight*, *supra*, a comparison between them and the attachments in the instant case shows that Blue Ridge has met the statutory requirements of § 43–22 to provide an "itemized statement of account." Accordingly, the motion for summary judgment is denied.

The evidentiary value or effect of the attachments are matters to be determined at a hearing on the merits of Blue Ridge's claim.