Isle of Wight Materials Company, Inc.

v.

Cowling Bros., Inc., et al.

Record No. 921327

June 11, 1993

Present: All the Justices ·

*Clinton B. Faison, Jr.* for appellant.
*Thomas H. Rose, Jr.* for appellee Cowling Bros., Inc.
No brief or argument for appellees Randall G. Moss; Medical Facilities of American L, Limited Partnership, and Fralin & Waldron, Inc.

JUSTICE LACY delivered the opinion of the Court.

In this appeal we determine whether a materialman is entitled to enforcement of its perfected mechanic's lien in an interpleader action when it has not filed a petition to enforce the lien or a petition to intervene in the enforcement action of another lienor within the limitations period of Code § 43-17.

Medical Facilities of America L Limited Partnership (Medical Facilities) contracted with Fralin & Waldron, Inc. to build a health care facility on land owned by Medical Facilities. Fralin & Waldron then contracted with Randall G. Moss, d.b.a. Moss & Co. (Moss) to perform on-site grading for the project. Moss, in turn, purchased materials necessary to perform the project from two materialmen, Isle of Wight Materials Company, Inc. (Isle of Wight Materials) and Cowling Bros., Inc. (Cowling).

Moss did not pay either materialman. On December 7, 1987, Isle of Wight Materials filed a memorandum of mechanic's lien against

Moss for $11,521.60.[1] Four days later, Cowling filed its memorandum of mechanic's lien against Moss for $13,832.67. On June 7, 1988, Isle of Wight Materials filed a petition to enforce its mechanic's lien. The project was completed on September 19, 1988.

Medical Facilities and Fralin & Waldron filed this interpleader action against Moss, Isle of Wight Materials, and Cowling on July 7, 1988. Moss agreed with Medical Facilities and Fralin & Waldron that it was owed $11,572.39 and that amount was deposited with the trial court. Isle of Wight Materials and Cowling filed answers to the bill of interpleader in which they sought application of the available funds to their claims.

At the March 10, 1992 hearing on the interpleader, Isle of Wight Materials filed a plea of the statute of limitations and a motion for summary judgment against enforcement of Cowling's mechanic's lien. The trial court overruled the plea and denied the motion, holding that the filing of the bill of interpleader tolled the statute of limitations with regard to Cowling's mechanic's lien, and that Cowling's mechanic's lien claim was valid. The trial court entered an order dividing the deposited funds between the two materialmen. We awarded Isle of Wight Materials an appeal.

Isle of Wight Materials argues that filing the bill of interpleader did not toll the limitations period of § 43-17 and that Cowling's mechanic's lien was not enforceable because Cowling failed to take appropriate action to enforce its mechanic's lien within the time specified by Code § 43-17. Therefore, Isle of Wight concludes, Cowling was not entitled to share in the deposited funds based on that lien. We agree.

■ Mechanic's liens are wholly statutory in nature and the existence of the lien, "as well as the jurisdiction of the court to enforce it, rest upon compliance with the statute. and not upon equitable principles." *Wallace* v. *Brumback*, 177 Va. 36, 40, 12 S.E.2d 801, 802 (1941).

■ Code § 43-22 provides the method of enforcing a perfected mechanic's lien. That section authorizes a lienor to seek enforcement of its lien only by filing an independent suit or by filing a petition to intervene in the enforcement suit of another lienor. Code § 43-17 requires a lienor to file its suit to enforce a perfected lien no later than six months after the recordation of the lien or sixty days after the structure was completed or the work thereon otherwise terminated, whichever is later.

---

[1] The trial court held that Isle of Wight's claim was $11,572.60.

█ These statutes require a lienor to take affirmative action within a specific time period to enforce its mechanic's lien as a prerequisite to recovering on the lien. *Donohoe Constr. Co. v. Mount Vernon Assoc.*, 235 Va. 531, 538, 369 S.E.2d 857, 861 (1988). Merely being named as a defendant in an enforcement action of another lienor is not the equivalent of either filing an independent suit or intervening in the suit of another. *Commonwealth Mechanical Contractors, Inc. v. Standard Fed. Sav. & Loan*, 222 Va. 330, 332, 281 S.E.2d 811, 812 (1981). There is no relevant difference between being a named party defendant in a bill to enforce a mechanic's lien and being a named defendant in the interpleader action filed here. Neither constitutes an affirmative act on the part of the lienor to enforce its lien, and neither complies with the statutory requirements.

█ Cowling has not filed an independent enforcement petition, nor has it filed a petition to intervene in the enforcement proceeding instituted by Isle of Wight Materials. Nevertheless, it argues that a separate bill to enforce its lien is not required in this interpleader action because "all parties were brought before the Court and all issues could be decided in th[is]suit." Thus, Cowling concludes that the purpose of the limitations period was satisfied since the owner and builder knew "at an early date the extent to which the property involved is encumbered, who seek to enforce its liens and the amount claimed." This argument ignores the fact that a mechanic's lien is enforceable only under the conditions established by statute and, in the absence of compliance with those statutory provisions, a court has no jurisdiction to enforce the mechanic's lien. *Wallace*, 177 Va. at 40, 12 S.E.2d at 802. Cowling has not taken the requisite action to enforce its mechanic's lien under Code § 43-22 and, therefore, the trial court had no jurisdiction to order that Cowling was entitled to any of the deposited funds based on Cowling's mechanic's lien.[2]

█ The trial court also erred in holding that the filing of the bill of interpleader tolled the limitations period set out in Code § 43-17. An analogous situation was addressed in *Commonwealth Mechanical Contractors*. In that case, lienors, named as defendants in another lienor's enforcement suit, attempted to enforce their mechanic's liens by filing intervening petitions in the enforcement suit. On appeal, the trial court's action sustaining demurrers to the

---

[2] This holding does not affect Cowling's right to recover on any contractual claim it may have against Moss.

intervening petitions was affirmed because those petitions were not filed within the limitations period set out in Code § 43-17. The Court rejected arguments that the limitations period had been tolled by the filing of the other lienor's enforcement suit and confined the effect of tolling the limitations period to cases involving "liens filed by a general contractor and his subcontractors," *Commonwealth Mechanical Contractors*, 222 Va. at 333, 281 S.E.2d at 812, and to cases in which the lienors had become parties to third party suits "by filing intervening petitions within the prescribed period." *Id.* at 334 n.4, 281 S.E.2d at 813 n.4. Neither circumstance is present here.

As noted above, for purposes of the issues presented in this case, there is no relevant difference between being named a party defendant in a bill of interpleader and in a bill to enforce a mechanic's lien. Neither tolls the limitations period of Code § 43-17 for materialmen seeking to enforce their mechanic's liens.

Accordingly, we will reverse that portion of the trial court's judgment allowing Cowling Bros., Inc. to recover a portion of the funds deposited with the trial court based on its mechanic's lien and will remand the case for entry of a judgment consistent with this opinion.

*Reversed and remanded.*