# LAW AND EQUITY COURT OF THE CITY OF RICHMOND

Clarence P. Morris

v.

American Homeowners Insurance Co.

By JUDGE A. CHRISTIAN COMPTON

October 6, 1967

The defendant has objected to that part of the plaintiff's motion under Rule 4:9 which seeks an order requiring Mr. Samuel J. T. Moore, Jr., [his attorney] to produce for inspection and copying the items set out in the motion filed on September 19, 1967. The motion aforesaid is denied.

Because this case is set for trial on October 27, and because discovery is being held up pending this ruling, time does not permit the writer to carry out the desire to write a thorough and lengthy opinion on this most interesting and complex problem which is to what extent Rule 4:9 (which is essentially the same as Federal Rule 34) may be used to inquire into materials collected by an attorney in the course of preparation for, and conducting of, litigation.

While the defendant objects to the motion on the ground of privilege (which the plaintiff claims has

been waived), it is not necessary to reach that issue here because the plaintiff has not sustained the burden of "showing good cause" for the production of these records. There has been merely a naked demand for counsel's records some of which may be privileged communications between attorney and client and others of which may not be protected by such privilege but fail under the classification of the lawyer's "work product." Hickman v. Taylor, 329 U.S. 495, 67 S. Ct. 385, 391, 393, 394, 91 L. Ed. 451 (1947); Manning v. State Farm Mutual Auto Insurance Co. 235 F. Supp. 615 (1964); 4 Moore's Federal Practice, par. 26.23 (7) at page 1361 (2nd ed.).

An attorney's files are not to be "exposed to discovery on demand without a strong and substantial showing that they contain information not otherwise accessible which is relevant to the issues and without which the party seeking discovery will be unfairly handicapped in adequately presenting his claim or defense." Barron and Holtzoff, Federal Practice and Procedure. Section 798. Such a showing has not been made by the plaintiff in this case, therefore, that part of the motion aforesaid which was objected to is denied with leave to the plaintiff to renew this request if he feels he can make the required showing of "good cause" under the Rule.

December 7, 1967

The plaintiff's motion, as amended, to require the production of documents is granted subject to the qualifications hereinafter set out.

Morris sued Robinson in this Court seeking recovery in damages for personal injuries and property damages received in an accident on December 5, 1964. A grounds of defense on behalf of Robinson was filed in that tort action on April 27, 1966, by Mr. Moore at the request of the defendant insurer and on September 28, 1966, an order was entered allowing him to withdraw as counsel for Robinson in that case.

Thereafter, on January 16, 1967, a judgment was entered in favor of Morris and, in the present action, the plaintiff seeks to enforce compliance by the insurer with the terms of an insurance policy alleged to have been issued to Raymond Leroy Worrell and covering Robinson on the date of the accident in question. Code, Section 38.1-380.

In his oral argument on November 6, 1967, the plaintiff amended his Motion to Produce filed on September 19, 1967, and now seeks, under Rule 4:9, to have the Court order the following items produced which are dated during the period beginning with the date of this accident and ending on September 28, 1966, the date counsel withdrew from the tort action: (1) By Mr. Moore, any and all written communications directed to and received from Robinson and/or Worrell pertaining to automobile liability insurance and the investigation of the accident and (2) by the defendant, the entire claim file of the defendant under its claim no. 15-505949.

It is stipulated by counsel that the plaintiff has no information upon which to prosecute this suit and that his action must fail unless he is granted access to the above described documents.

The defendant opposes the amended motion on the sole ground of "privilege." It does not resist that part of the original motion asking for the records of Gay and Taylor, counsel stating that he does not represent that firm and has no authority to speak for it.

Under Rule 4:9 the Court "may" order a party to produce certain described documents "not privileged" upon motion of any party "showing good cause therefor."

As to the question of privilege, when counsel appeared in the tort action and filed a grounds of defense for Robinson, the relationship of attorney and client existed between counsel and Robinson as well as between counsel and the insurer. Henke v. Iowa Home Mutual Cas. Co., 87 N.W.2d 920, 923 (Iowa 1958). The

plaintiff here has succeeded to the rights Robinson had against the insurer and any attorney-client privilege (and the right to waive such privilege) has been transferred to the plaintiff. Buuck v. Kruckeburg, 95 N.E.2d 304, 308 (Ind. 1950); Wigmore on Evidence (3rd Ed.), Section 2328, ftn. 5. See also the opinion of Judge John D. Butzner, Jr., dated January 17, 1966, in Jones v. Allstate Insurance Company, (U.S. District Court, Eastern District of Virginia, Richmond Division, Civil Action No. 4338). Therefore the claim of privilege against disclosure cannot be sustained here because when two or more parties consult an attorney for their mutual benefit, the communications with said attorney are not privileged in an action between such parties or their representatives involving such transaction. Henke case, supra; 97 C.J.S., Witnesses, Section 281; 58 Am. Jur., Witnesses, Section 496, p. 278, ftn. 21; 22 A.L.R.2d 659, 662.

The required "good cause" has been demonstrated in this case because it is not disputed that the plaintiff cannot maintain his action without access to the documents requested. A denial of discovery in this area under the facts and circumstances of this case will unfairly handicap the plaintiff in adequately presenting his claim. Therefore, the documents must be produced for examination by the plaintiff unless, by their nature, they are not subject to discovery under any circumstances. Within this category fall the impressions, legal research, conclusions, personal beliefs and opinions of the attorney.

The interpretations of Federal Rule 34 (which is essentially the same as our Rule 4:9) as it relates to this issue have been many and varied, the leading case being that of Hickman v. Taylor, 329 U.S. 495,- 67 S. Ct. 385, 91 L. Ed. 451 (1947). See Barron and Holtzoff, Federal Practice and Procedure, Section 798, p. 444, and Sections 652 to 652.5, pp. 118 to 159. The courts have reasoned that the "protective cloak" of privilege does not extend to a great portion of the lawyer's work in preparing his client's case, such effort being reflected in the so-called "work product" of counsel. In shielding the work product from discovery the

courts have recognized in varying degrees the general policy against invading the lawyer's course of preparation of his case. Some courts have been extremely liberal in what is allowed and others unusually restrictive. Because it is essential for an attorney to work in a certain degree of privacy, free from intrusion by opposing parties and their counsel, and realizing that this consideration must be tempered by the prejudicial effect which could result to the adverse party were this policy consideration allowed to completely control, the rule to be used under the facts of this case is to allow discovery of the work product of the attorney so long as the impressions, conclusions, personal beliefs, opinions and legal research are not disclosed. Subject to discovery under this view in this case is the work of the attorney reflected in interviews, correspondence, statements and memoranda containing facts prepared by the attorney or under his direction or for his use. This interpretation of the issue became a part of the California Code of Civil Procedure in 1963 to correct unduly liberal rulings of the courts on the subject. See Insurance Counsel Journal, July 1967, p. 399.

Counsel for the plaintiff will please prepare the order, obtaining the endorsement of Mr. Moore, directing the aforementioned records to be produced to the undersigned and from these records, including the Gay and Taylor file, the Court will withdraw those documents which reflect the impressions, conclusions, personal beliefs, opinions and legal research of counsel allowing the plaintiff to inspect and copy the balance of the records.