## Richmond

ALFRED C. NEFF v. GEORGE S. GARRARD, JR., ET AL.

December 1, 1975.

Record No. 740956.

Present, I'Anson, C.J., Carrico, Harrison, Cochran, Poff and Compton, JJ.

*J. Sloan Kuykendall (David J. André; Kuykendall, Whiting & Costello,* on brief), for appellant.

*Joseph A. Massie, Jr. (Massie & Snarr,* on brief), for appellees George S. Garrard, Jr., and Ilona S. Garrard.

POFF, J., delivered the opinion of the court.

This appeal poses the question whether the chancellor abused his discretion in denying complainant's motion to amend his bill of complaint.

On January 23, 1974, Alfred C. Neff filed a bill of complaint against George S. Garrard, Jr., and Ilona S. Garrard, his wife, and others to enforce a mechanic's lien. The lien upon which the bill was expressly based was acquired by memorandum recorded on July 10,

1973 against George S. Garrard, Jr., the fee simple owner of the subject property. On February 12, 1974, the Garrards filed, *inter alia*, demurrers and pleas of the statute of limitations. At the first pre-trial conference on April 2, 1974, Neff made a motion to amend his bill. Explaining that his original bill had inadvertently identified the wrong lien, he proffered an amendment identifying a second lien. The second lien was acquired by memorandum recorded on August 2, 1973. In content, the second was identical to the first, except that the second added the name of Ilona S. Garrard who had an inchoate dower interest in her husband's property.

It appears that both memoranda were timely recorded. However, the bill of complaint was not filed within six months from the date of the lien on which it was based as required by Code § 43-17 (Repl. Vol. 1970) and the motion to amend was not made within six months from the date of the second lien.

Where, as here, a statute creates a right unknown at common law and makes a time limitation the essence of the right as well as a constriction upon the remedy, the right expires upon the expiration of the limitation; and the expiration of the right is an absolute defense which can be asserted either by demurrer or by plea of the statute of limitations. *Savings Bank* v. *Powhatan Clay Co.*, 102 Va. 274, 46 S.E. 294 (1904).

Code § 8-119 (Repl. Vol. 1957) provides that ". . . the Court may at any time in furtherance of justice . . . permit any pleading to be amended or material supplemental matter be set forth in amended or supplemental pleadings." The language of the statute is permissive, and Neff concedes that "the granting of leave to amend is discretionary with the trial court and not a matter of right." In accord with the statute, Rule 1:8 expressly provides that "[n]o amendments shall be made to any pleading after it is filed save by leave of Court." But Neff contends that the denial of his motion to amend was an abuse of discretion. We do not agree.

With respect to the July 10, 1973 lien, the statutory right and its remedy expired when the six months' limitation expired because suit had not been filed at that time. With respect to the August 2, 1973 lien, the right expired some two months before the motion to amend was made. Neff argues that the date that tolled the running of the statute on the second lien was not the date the motion to amend was made, but the date the suit on the first lien was filed, a date well within the statutory limitation.

"If the amendment sets up no new cause of action or claim, and makes no new demands, but simply varies and expands the original cause of action, the amendment relates back to the commencement of the action and stops the running of the statute as of that date; but an amendment which introduces a new or different cause of action, or makes a new or different demand, does not relate back and the statute continues to run till the date of amendment." *Burks Pleading and Practice* § 235 at 412-13 (4th ed. Boyd 1952).

█ We are of opinion that the amendment proffered here did introduce "a new or different demand". The two liens affected different parties; they came into existence at different times; their terminal dates were different; and, as against other lienholders, they created different priorities. On the date Neff made his motion to amend, it was too late to bring a new suit to enforce the second lien; the right and its remedy, both creatures of statute, had expired. The chancellor could not judicially create a new right and a new remedy to enforce it. Yet, he would have done just that if he had granted Neff's motion and allowed the proffered amendment to "relate back" to the date suit was filed on the first lien.

We hold that the chancellor did not abuse his discretion in denying the motion to amend, and the decree is

*Affirmed.*

Harrison, J., dissenting.

I am unable to subscribe to the opinion of the majority. In *Bristol Iron & Steel Co.* v. *Thomas*, 93 Va. 396, 400, 401, 25 S.E. 110, 111, 112 (1896), Judge Keith, referring to a mechanic's lien, said:

"The object of the law in creating liens in favor of mechanics was to secure to a deserving class of men the fruits of their labor. The statute upon the subject is remedial in its nature, and while courts require a strict compliance with all that the statute prescribes for the completion or perfecting of the lien, and cannot by construction supply any failure or omission upon the part of the claimant, and to this extent may be said to place a strict construction upon the statute, as being an innovation upon the common law, yet when the mechanic has done all that it is necessary for him to do, has performed the work or supplied the material, and perfected his lien therefor in the prescribed mode, the duty of the courts is to see that those whom the law intended to protect shall enjoy the advantages which it confers."

The statute gives to all persons performing labor or furnishing materials for the construction of buildings a lien, if properly perfected. The mechanic, Neff, performed the work, supplied the material and perfected his lien therefor in the prescribed mode. He brought himself within the class "whom the law intended to protect" and who should "enjoy the advantages which it confers".

Neff then brought a suit on January 24, 1974, to enforce his lien. He alleged in his bill, which was sworn to, that his suit was commenced "within 6 months from the filing of the memorandum of mechanic's lien". This allegation could only apply to the memorandum which was filed on August 2, 1973, for it was the only one filed within the six-month period alleged. Further, the defendants to Neff's suit included both George S. Garrard and Ilona S. Garrard. There exists only one memorandum in which these two persons are designated as the "owners" and it is the one which was filed on August 2, 1973. The only live monument of Neff's mechanic's lien on January 24, 1974, was the August 2, 1973 memorandum. Counsel for Neff sought to enforce a valid lien (1) which had been given Neff by operation of law; (2) which he had perfected within the 60-day period as required by statute; and (3) which was being enforced within the 6-month statutory limitation period terminating January 23, 1974. The attachment, as an exhibit to the bill of complaint, of the July 10, 1973 memorandum rather than the August 2, 1973 memorandum was obviously done in error.

Neff did not seek to set up a new cause of action or claim, or to make a new demand. Regardless of the number of memoranda he had filed, he only had one mechanic's lien and, on January 23, 1974 that lien was evidenced by the August 2 memorandum. He did not seek to add new parties. He sought only an amendment, the purpose of which was to withdraw an exhibit erroneously filed and to substitute the memorandum of mechanic's lien which had been filed within six months prior to January 23, 1974, as alleged in his bill.

I therefore conclude that the trial court, in furtherance of justice, should have granted appellant's motion to amend his bill of complaint. The injustice that may be done to this mechanic and the financial loss he may suffer are out of all proportion to the alleged defect or imperfection of his pleading.

COCHRAN, J., joins in this dissent.