## CIRCUIT COURT OF HENRICO COUNTY

Powell's Kitchen Center, Inc.

v.

Smith Homes, Inc., et al.

October 8, 1979

Case No. L-439

By JUDGE L. PAUL BYRNE

This is a suit in equity to enforce a Mechanics' Lien. The Bill in Equity was filed by Powell's Kitchen Center, Incorporated, plaintiff, against Smith Homes, Inc., (hereinafter referred to as Smith), defendant, to perfect a memorandum of mechanics' lien filed under Virginia Code § 43-4 on September 10, 1971. Some two years and five months later the Court entered an Order on October 3, 1974, permitting the plaintiff to file an amended bill adding James River Building Supply Company, (James River), and William Erskine Sigmon and Betty Hale Sigmon, his wife, (Sigmons), as defendants, alleging that James River purchased the property in question at foreclosure on February 4, 1972, subject to Powell's mechanics' lien, and the Sigmons purchased the property from James River on March 24, 1972, also subject to Powell's lien.

On February 9, 1976, the Court entered an Order allowing all of the defendants, Smith, James River and the Sigmons, to file a late answer, which denied that the mechanics' lien was properly and timely filed. A Decree of Reference was entered on April 7, 1976, referring

the matter to a Special Commissioner. The Special Commissioner heard the matter on May 14, 1976, and filed his report on July 16, 1976, holding that the amended bill was not timely filed and was contrary to Virginia Code Section 43-17. The Court entered an Order on December 8, 1976, permitting the plaintiff to file exceptions to the Commissioner's Report. Nothing further was done in the cause until it was heard by this Court on September 23, 1977, and taken under advisement.

In the hearing before the Special Commissioner the parties entered into the following stipulation of facts:

(1) That Smith was the owner of the real estate briefly described as Lot 18, Block N, Section C, Pinedale Farms Subdivision, Henrico County, Virginia, during the period September 1971 through January 1972;

(2) That pursuant to an agreement between the plaintiffs and Smith, owner and contractor, the plaintiffs furnished materials and labor in a residence being constructed by Smith on Lot 18, above, for the agreed sum of $1319.40;

(3) That the work was completed properly on November 15, 1971, and the plaintiff properly and timely filed a Memorandum of Mechanics' Lien against the property and Smith on December 10, 1971, in the Clerk's Office, Circuit Court, Henrico County, Virginia, in Deed Book 1488, page 484, as provided in Virginia Code § 43-4;

(4) That the full amount due the plaintiff of $1319.40, with interest thereon from November 15, 1971, remains unpaid;

(5) That Lot 18 was sold in foreclosure to James River, subject to the plaintiff's mechanics' lien, by deed dated January 5, 1972, recorded February 4, 1972, in the aforesaid Clerk's Office in Deed Book 1495, page 102;

(6) That James River sold said real estate, subject to plaintiff's mechanics' lien, to William Erskine Sigmon and wife by deed dated March 9, 1972, and recorded March 24, 1972, in the aforesaid Clerk's Office, in Deed Book 1499, page 269;

(7) That the Bill in Equity to enforce the plaintiff's lien was filed within six months of the filing of the Memorandum of Mechanics' Lien and of the giving of notice of said lien;

(8) That the amended bill was filed after the expiration of six months from the date of filing of said Memorandum and the giving of said notice; and

(9) That at the time of filing of the amended bill the owners of the property were the defendants, William Erskine Sigmon and Betty Hale Sigmon, his wife.

## ISSUES

(1) Did the Special Commissioner err in holding that the original Bill in Equity was fatally defective in that it failed to name the Trustees under a deed of trust on the property in question?

(2) Did the Special Commissioner err in holding that the Amended Bill, filed by leave of Court, was fatally defective because it named new and different parties and cannot relate back in time so as to bring it within the six months statutory requirement for filing suit under Virginia Code § 43-17?

## CONCLUSION

The Court is of the opinion that the answer to both questions has to be in the affirmative, i.e., the Special Commissioner was in error in holding that the Bill in Equity and the Amended Bill were fatally defective in the particulars set forth above.

The laws providing for mechanics' and materialmen's liens are found in Title 43, Chapter 1, Sections 43-1 through 43-23.2, inclusive, of the Code of Virginia, 1950, as amended. Section 43-3 provides that all persons performing labor or furnishing materials of the value of $50.00 or more for the construction, removal, repair or improvement of any building or structure permanently annexed to the freehold shall have a lien, if perfected as provided in §§ 43-4, 43-11 and 43-17 of the Code, the only sections applicable here.

Since the parties have stipulated that the Memorandum of Mechanics' Lien and Notice were properly and timely filed under §§ 43-4 and 43-11, supra, and that the original Bill in Equity was properly and timely filed against Smith under § 43-17, it is only necessary that the Court consider the effect of § 43-17 on the failure

in the original Bill to include the Trustees under the deed of trust as defendants, and its effect on the Amended Bill, which added James River and the Sigmons, the successors in title to Smith, as defendants.

The object of the legislature in creating liens in favor of mechanics and materialmen has been set forth previously in *Bristol Iron and Steel Company* v. *Thomas*, 93 Va. 396, 400-401 (1896), when the Court said:

> The object of the law in creating liens in favor of mechanics was to secure to a deserving class of men the fruits of their labor. The statute upon the subject is remedial in its nature, and while Courts require a strict compliance with all that the statute prescribes for the completion or perfecting of the lien, and cannot by construction supply any failure or omission on the part of the claimant, and to this extent may be said to place a strict construction upon the statute, as being an innovation upon the common law, yet when the mechanic has done all that it is necessary for him to do, has performed the work or supplied the material, and perfected his lien therefor in the prescribed mode, the duty of the Courts is to see that those whom the law intended to protect shall enjoy the advantages which it confers. See *Neff* v. *Gerrard*, 216 Va. 496 (1975), dissenting opinion at 498.

In answering the first question in the affirmative, i.e., that the original bill was fatally defective in that it failed to name the Trustees under the deed of trust on the property, as owners, the Court need only look to a most recent case decided by the Supreme Court, which construed the word "owner" as used in § 43-4 and is directly in point. *Loyola Federal Savings & Loan Association* v. *Herndon Lumber and Millwork, Inc., et al.*, 218 Va. 803 (1978). In that case the Memoranda of Mechanics' Lien listed the equitable fee simple owner of the property under Code § 43-4 and did not list the names of the Trustees under a previously recorded deed of trust, the same as here.

In disposing of the question, the Supreme Court held at page 805:

> The word "owner" in § 43-4 was not qualified, hence the statutory term is to be construed in its ordinary meaning, given the context in which it is used. . . . "Owner" is a word of general purport, but its primary meaning, as applied to land, is "one who owns the fee and who has the right to dispose of the property" and includes "one having a possessory right to land". . . . *Thus, "owner," as used in Section 43-4, means the fee simple owner of the real estate, the one who has the right of possession to the land, the person who may be, in fact, responsible for the debt to the mechanic and for the subsequent lien against the property.* In this context, "owner" does not mean a Trustee under a deed of trust (which is likewise a lien), whose powers and duties are limited by statute and the instrument under which he acts. (Emphasis added)

In answering the second question in the affirmative, the Court need only look to the stipulation of the parties, that the work was completed properly on November 15, 1971, and the plaintiff properly and timely filed a Memorandum of Mechanics' Lien against the property and Smith, the then owner, on December 10, 1971; that the property was subsequently sold in foreclosure to James River and then to the Sigmons, subject to the plaintiff's lien, the successors in title to Smith, who took with notice of said lien.

Accordingly, the Court holds that the filing of an Amended Bill to include James River and the Sigmons, as successors in title to Smith, who took title subject to the lien, does not set up a new cause of action or claim, and does not constitute a new demand. To hold otherwise would be contrary to the very purpose of the recording statutes in Virginia, i.e., to give notice to any subsequent purchasers of the property in question of the encumbrance of the lien as to their title. The case at bar is easily distinguishable from the factual

situation in *Neff* v. *Garrard*, *supra*, which was relied upon by the Special Commissioner in his report. Accordingly, the Court holds that the plaintiff, Powell's Kitchen Center, Incorporated, is entitled to recover judgment against the defendants in the principal amount of $1319.40, with interest thereon from November 15, 1971, and its costs.