## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

United Materials and
Services, Inc.

v.

National Capital Developers et al.

October 26, 1982

Case No. (Chancery) 12803

By JUDGE ALBERT H. GRENADIER

This cause comes on to be heard upon the demurrer of the defendants Midlantic National Bank, David G. Fiske, Trustee, James L. Polley, Trustee, and Northwestern National Insurance Company of Milwaukee, Wisconsin. The demurrer alleges that the defendant Northwestern National Insurance Company of Milwaukee, Wisconsin, is a necessary party under the provisions of Virginia Code § 43-71 and that the lien claim is rendered invalid because the plaintiff failed to institute suit against it within six months from the date that the memorandum of lien was recorded, as required by Virginia Code § 43-17.

The Court is of the opinion that the holding in *Neff v. Garrard*, 216 Va. 496, 497 (1975), is controlling. In that case leave to amend to add a new party was denied because the bill of complaint was not filed within the six-month time limitation. The Court stated at page 497:

> Where, as here, a statute creates a right unknown at common law and makes a time limitation the essence of the right as well as a constriction upon the remedy, the right expires upon the

expiration of the limitation; and the expiration of the right is an absolute defense which can be asserted either by demurrer or by plea of the statute of limitations.

In *Commonwealth Mechanical, Inc. v. Standard Federal Savings and Loan*, 222 Va. 330 (1981), the court denied a petition to intervene in a mechanic's lien suit because the petition was not filed within six months from the time the memorandum of lien was recorded. Strict compliance with the mechanic's lien statutes is absolutely necessary to the maintenance of the cause of action brought thereunder. In *Wallace v. Brumbach*, 177 Va. 36 (1941), the court stated at pages 39, 40:

> A mechanic's lien is purely a creature of statute . . . While one who purchases property pending the construction of a building takes it subject to the risk that a lien may thereafter be perfected thereon, unless such lien is perfected within the proper time and in the proper manner, as outlined by the statute, it is lost. Knowledge by a purchaser or lienor of the construction of the building cannot take the place of the statutory requirements. For the very existence and continuation of the lien, as well as the jurisdiction of the court to enforce it, rest upon compliance with the statute and not upon equitable principles.

See also *Clement v. Adams Bros. - Paynes Co.*, 113 Va. 547, 552-553 (1912); *Coleman v. Pearman*, 159 Va. 72 (1932).

In Virginia the rule is clear that the suit to enforce a mechanic's lien must be brought within the six-month period required by Virginia Code § 43-17. The fact that the instant case involves an amended bill of complaint does not alter the usual rule. The amended bill of complaint does not relate back in time to the filing of the original bill. In *Webb v. U. S. Fidelity and Guaranty Company*, 165 Va. 388 (1935), the court held that where a new party is brought into a suit by an amended pleading the suit must be deemed to have been commenced as to him at the time that he was so brought in. In *Neff v.*

*Garrard, supra,* the court adhered to this principle when it denied a motion to amend the bill of complaint because the amended petition brought in a new party. The court said that bringing in the new party was a "new and different demand" which does not relate back and the statute continues to run until the date of the amendment. 216 Va. at 498.

Accordingly, the demurrer will be sustained and the bill of complaint dismissed. The plaintiff may, of course, assert its claim against those with whom it dealt in an appropriate action at law.