## CIRCUIT COURT OF HENRICO COUNTY

Old Dominion Builders
of Richmond, Inc.

v.

A. T. Andrews et al.

May 26, 1987

Case No. 86C667

By JUDGE JAMES E. KULP

This matter is before the Court on defendants' demurrers to plaintiff's Bill of Complaint. The Court took the matter under advisement after argument on May 8, 1987.

The Bill of Complaint seeks to enforce a mechanic's lien against Mr. Andrews, the owner of the property, and Atlantic Restaurant Ventures, Inc., the lessee of the property. The Bill of Complaint alleges that the Memorandum for Mechanic's Lien was recorded within ninety days from the time plaintiff ceased to furnish labor. The Memorandum was filed on December 27, 1985, and the Bill of Complaint was filed on June 26, 1986.

The defendants' demurrers essentially say that the Bill of Complaint does not sufficiently allege facts which would entitle plaintiff to claim a lien on the property interests of the respective defendants. This is so, defendants assert, because the Bill of Complaint claims only a lien upon defendant Andrews' property (paragraph 7). Since Andrews is the lessor of the property, his interests cannot be subjected to a mechanic's lien unless he or his agent caused the building to be erected. See Atlas Portland Cement Co. v. Main Line Realty Corp., 112 Va. 7 (1911).

Plaintiff has sought to amend the Bill of Complaint to remedy these alleged deficiencies. Exercising its

discretion to further the ends of justice, the Court will grant plaintiff leave to amend the Bill of Complaint. *See* Rule 1:8.

Defendants object to allowing an amendment and rely principally upon *Neff v. Garrard*, 216 Va. 496 (1975), and *Commonwealth Mech., Inc. v. Standard Fed. Savings and Loan*, 222 Va. 330 (1981). The Court finds these cases to be distinguishable from the present case. In both *Neff* and *Commonwealth Mech.*, the plaintiff attempted to add an additional party to the Bill of Complaint after the statutory time of six months for filing the suit had passed. Here, plaintiff is not attempting to add a new party, but merely seeks to amend the Bill of Complaint to reflect the correct factual circumstances as they existed when the Bill of Complaint was filed.

In the present case, plaintiff filed the Memorandum for Mechanic's Lien identifying both Mr. Andrews, as owner, and Atlantic Ventures, as lessee. Notice of the lien was sent to both defendants, and the Bill of Complaint as originally filed named both defendants as parties. For these reasons, the Court is of the opinion that *Neff* and *Commonwealth Mech.* are not controlling.