## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

American Sheet Metal Corp.

v.

Continental-Diamond
Springs Associates et al.

March 4, 1988

Case No. CH88-38

By JUDGE H. CALVIN SPAIN

This matter came on February 19 to be heard on the defendant's Demurrer. For purposes of the motion, it was conceded by the defendant that the Memorandum of Mechanic's Lien filed by the complainant was valid. It was also conceded that a suit was filed in accordance with the Virginia Code to enforce the lien within the six months of the date of the filing of the memorandum.

The issue is quite simple: The complainant failed to name either the trustees or the beneficiary of an antecedent deed of trust as parties in the suit to enforce the mechanic's lien. The answer to the problem is not quite so simple.

It is conceded that the six month Statute of Limitation which controls the filing of a suit to enforce a mechanic's lien has expired in this case. Thus, the complainant cannot file a new suit.

In *Walt Robbins, Inc. v. Damon Corporation*, 232 Va. 43 (1986), the Supreme Court held that a trustee in an antecedent deed of trust is a necessary party in a suit to enforce the mechanic's lien. The Court further held, at page 48, "If legal title is vested in a trustee of an antecedent deed of trust, and the property is to

be sold free of the trust lien, the chancellor must have jurisdiction over the person of the trustee before he can enter a decree divesting him of title." The Court went on to hold that the mechanic's liens were not enforceable because the trustees and beneficiary had not been named. Interestingly, the Court, at page 48, quoted with apparent approval *Lunsford and Withrow & Co. v. Wren*, 64 W. Va. 458: "non-joinder of trustee renders bill to enforce mechanic's lien 'fatally defective'." In passing, the Court noted that other jurisdictions have held that trustees of antecedent deeds of trust or beneficiaries thereof are not necessary parties. Of course, such beneficiaries and/or trustees would not be bound by any judgment in any litigation in which they were not parties. The Supreme Court of Virginia has clearly seen fit *not* to adopt the view of other jurisdictions concerning the enforcement of a mechanic's lien, even though it might not affect security interests of certain parties with respect to the property in question. While this Court may very well believe that the views of other jurisdictions are much more logical and better law with respect to the enforcement of liens, the Virginia Supreme Court *has spoken.*

Thus, the trustees and beneficiary being necessary parties to the suit at hand, the issue then becomes whether the Court has the discretion to permit an amendment *at this time*, more than six months from the date of the filing of the memorandum, and add the omitted necessary parties. The Court has reviewed the various citations submitted by both counsel and believes that direction may be found in *Neff v. Garrard*, 216 Va. 496 (1975). While the decision was not unanimous and exhibited rather strong differences of opinion among the justices, certain lines of thought can be gleaned from a close reading of the case. Although the case is not precisely in point, it does involve the question of an amendment to a bill of complaint to enforce a mechanic's lien after the expiration of the six month statute of limitation. In that case, the amendment was sought to remove an erroneous exhibit attached to the suit. Two memoranda of mechanic's liens were filed on the subject property. The attached exhibit was the wrong memorandum of mechanic's lien. The Court held that the chancellor did not abuse his discretion by denying a

motion to amend, for an amendment would judicially create a new right and new remedy to enforce the same. The dissent took strong issue with the holding of the Court at page 499: "that the trial Court in furtherance of justice should have granted appellant's motion to amend his bill of complaint. The injustice that may be done to this mechanic and the financial loss he may suffer are out of all proportion to the alleged defect or imperfection of his pleading."

Interestingly, the dissent took the position that a new cause of action, claim or demand was *not* being made by the complainant. Further, the dissent observed at page 499: "He did not seek to add new parties."

The furtherance of justice by permitting amendments to pleadings is well established in the Rules of Court. Clearly the Court can exercise discretion in permitting the same unless it is of such a nature that the use of its discretion would be an abuse. The Court must reluctantly conclude that to grant the complainant's motion would be an abuse of its discretion. it is clear that the trustees and beneficiary of the antecedent deed of trust are necessary parties to the litigation. To change the existing situation, new parties would have to be added. Otherwise, the existing suit is fatally defective. To grant the amendment would be to create a new right and a new remedy to enforce the same. Accordingly, the defendant's Demurrer is sustained without leave to amend by the complainant. The matter is to be dismissed and removed from the docket.