## CIRCUIT COURT OF THE CITY OF RICHMOND

Winder Plumbing, Heating
and Air Conditioning, Inc.

v.

Kanawha Trace Development
Partners et al.

May 4, 1990

Case No. N-6252-1

By JUDGE MELVIN R. HUGHES, JR.

[The] defendant's Motion for Partial Summary Judgment [was] argued on March 30, 1990. When the argument concluded, the Court took the motion under advisement.

This is a consolidated proceeding involving a number of claimants who seek to enforce their mechanic's liens against a real estate development project known as Kanawha Trace. The Bill of Complaint here names partnership developers, a bank, certain trustees, and other lien claimants. This motion asks the Court for judgment in the defendants' favor in the Bill of Complaint filed by Winder Plumbing, Heating and Air Conditioning, Inc. (Winder) for failure to (1) name individual lot owners in its Memorandum of Lien and the Bill of Complaint, (2) apportion the amount claimed per lot in the Memorandum, and for (3) over including in the Memorandum property on which it performed no work or furnished materials. Winder opposes the motion on the merits and asks that in the event the motion is allowed, it be granted leave to amend by naming the lot owners. The Court finds the defendant's motion has merit

on the grounds stated, any one of which, under the circumstances, is sufficient alone to grant the relief prayed for. Winder's motion to amend is also denied. These actions are taken according to facts the parties do not dispute for the reasons that follow.

Winder recorded a Memorandum of Mechanic's Lien with the Clerk of this Court on September 24, 1987. Without specifying individual lots on which it worked, Winder's Memorandum described the property as the "Kanawha Trace Development, 1408 Pumphouse Drive, Richmond, Virginia (Phase I and II)." This description includes lots it worked on and those it did not do work on or supplied materials. In its Bill of Complaint filed on March 23, 1988, Winder brought an action in contract and, in that part of the pleading seeking enforcement of the lien, identified various lots it did work on, along with amounts due on each lot listed but without naming as defendants Paula C. Powdermaker and Ernst and Maja Huff who, at the time the Memorandum was filed, were the record owners of Lot 2, Cluster J, Section 2, and Lot 2, Cluster K, Section 2, respectively. While the Bill did not name these owners as defendants, it did allocate a portion of the lien against the lots owned by them.

The Supreme Court of Virginia has taken a strict approach in evaluating the validity of mechanic liens in cases where a party does not comply with the requirements of the statutes governing them. In the inverse order of the issues outlined above, the Court will deal first with the question of over-inclusiveness. In *Woodington Electric, Inc. v. Lincoln Savings & Loan Ass'n.*, 238 Va. 623 (1989), the Court stated issues applicable to this question in this way considering the contention that over-inclusiveness includes correctly identified property that can be reasonably identified:

> These cases present the first opportunity for this Court to address the unadorned issue of what happens when a mechanic overreaches in asserting a lien. Does the entire lien fail or can the trial court simply excise from the lien the property to which the lien cannot properly attach while leaving the lien in place as to the appropriate property?

In deciding that the entire lien fails, the Court, citing *Rosser v. Cole*, 237 Va. 572 (1989), reasoned that because a mechanic's lien is purely a creature of statute in derogation of common law, it must be strictly construed. Because these statutes provide an extraordinary remedy that go ahead of the rights of prior creditors and purchasers of the encumbered property, care must be taken that the rights and liabilities of parties having an interest in the property to which the lien applies, and those not, be protected within circumscribed limits of the mechanic lien statutory scheme. Care is required because the property is essentially "tied up" and unavailable to the owner until the dispute is resolved. Over-including, as Winder has done here, puts the property interests of owners of uninvolved property at risk and improperly clouds those interests. Similarly, by failing to apportion and allocate the monetary amount for work done and material supplied for each lot in its Memorandum, Winder, under *United Masonry, Inc. v. Jefferson Mews, Inc.*, 218 Va. 360 (1977), has inappropriately liened property other than that its work went to benefit, thus "tying up" the owners of those properties. On these two bases, the lien is invalid.

Section 43-4 requires that a "lien claimant . . . in order to perfect the lien . . . shall file . . . a memorandum showing the names of the owner of the property sought to be charged . . ." Winder's failure to name all the record owners in the memorandum as well as defendants in its Bill of Complaint to enforce likewise renders the lien invalid for which an amendment to include them now cannot be allowed, *Mendenhall v. Douglas L. Cooper, Inc.*, 239 Va. 71 (1990). In *Mendenhall*, suit to enforce mechanics' liens were filed within the six-month limitations period prescribed in § 43-17. After a time, the lienors sought and were granted leave to add additional defendants over the objection of the new defendants that the claims against them were time-barred. In reversing, the Supreme Court found the added defendants necessary parties because "each had an interest in the subject matter which likely could be defeated or diminished by the [lienors'] claims . . ." because in making a new claim or demand, the time limit for bringing the action continues to run until the time of the amendment. *Id*. at pp. 1017 and 1018. It is now

too late to amend the memorandum by including the names of the owners, and it is now too late to amend the Bill. *See* §§ 43-4 and 43-17.

Accordingly, defendant's Motion for Partial Summary Judgment is granted as to its suit to enforce a mechanics' lien (Count I) and Winder's Motion for Leave to Amend that part of its pleading is denied.