## CIRCUIT COURT OF FAIRFAX COUNTY

Thomas S. Kelly

 v.

Christopher Meier
and John Meier

 v.

Edward R. Carr
and Assocs.

 v.

S. W. Rodgers Co., Inc.

October 17, 1991

Case No. (Law) 90552

By JUDGE RICHARD J. JAMBORSKY

This case comes before the Court on defendants' Carr and Thompson General Partnerships' Plea in Bar, based on the statute of limitations against plaintiff Kelly. The plea is sustained for the reasons set forth below.

Plaintiff Thomas S. Kelly filed a Motion for Judgment against defendants Christopher and John Meier on May 15, 1989, as a result of a car accident on December 25, 1988. Christopher Meier filed a Third Party Motion for Judgment against Edward R. Carr & Associates on March 30, 1990, for negligence for failure to mark the roadway and post warning signs, which Meier alleged contributed to the accident. Edward R. Carr & Associates filed a Fourth Party

Defendant Motion for Judgment against S. W. Rodgers Co., Inc., for indemnification on July 16, 1990. On January 16, 1991, a nonsuit was taken by the Plaintiff against John Meier only. On June 19, 1991, Defendant Christopher Meier moved for leave to amend the Third Party Motion for Judgment to add a Third Party Defendant, the Thompson Road General Partnership. This Motion was granted on July 15, 1991.

On July 12, 1991, Plaintiff Kelly was given leave to add Third Party Defendants, Edward R. Carr & Associates and Thompson Road General Partnership and Fourth Party Defendant, S. W. Rodgers, Inc., as original Defendants and that the Ad Damnum Clause be amended. On August 1, 1991, the Amended Motion for Judgment, which named Christopher Meier, Edward R. Carr & Associates, S. W. Rodgers Co., Inc., and Thompson Road General Partnership was filed by Plaintiff Kelly.

On August 9, 1991, Third Party Defendants Edward R. Carr & Associates and Thompson Road General Partnership filed an Amended Fourth Party Motion for Judgment against defendant S. W. Rodgers Co., Inc., for complete indemnity and/or contribution. On August 12, 1991, Fourth Party Defendant S. W. Rodgers filed a Plea in Bar claiming that the Order of August 22, 1991, by Judge Brown, which granted Plaintiff Kelly leave to add S. W. Rodgers Company, Inc., and Edward R. Carr & Associates as party defendants was time barred because it was not filed within the requisite statute of limitations. On August 23, 1991, Defendants Carr and Thompson General Partnership filed a plea in bar based on the statute of limitations against Plaintiff Kelly. On September 13, 1991, Defendants Carr & Associates and Thompson Road presented their Plea in Bar to the Court.

Though no published Virginia case law exists directly on point, there is a long history of cases that deals with the issue of a new party being brought into a suit by an amended pleading.

It is well established that "[w]here a new party is brought into a suit by an amended pleading, the suit must be deemed to have been commenced as to him at the time that he was brought in." *J. R. Webb v. United States Fidelity & Guaranty Co.*, 165 Va. 388, 393 (1935), *citing Dorr's Adm'r v. Rohr*, 82 Va. 359, 365, 366, 3 Am. St. Rep. 106 (1886); Burks' Pleading & Practice (3d Ed.), pp. 367, 368, sect. 212; 17 Ruling Case Law, p. 824, § 187; 37 Corpus

Juris, p. 1066, § 502. In *Webb*, a cross-bill was filed against the Appellant Webb in a previous proceeding between a surety and a bank. The bank alleged that Webb should refund to the bank any money it may have to pay the surety because of Webb's transactions. A Court decree was entered in which it was held that the bank was not liable to the surety. Because the bank was out of the proceedings, Webb was therefore, also out of the proceedings. Later, the surety amended its petition and for the first time asserted a claim against Webb. The Court held that the amended petition was barred by the statute of limitations.

The issue of adding new defendants after the statute of limitations has run has been the subject of much discussion in several recent mechanic's lien cases. In *Windsor H. Mendenhall, et al. v. Douglas L. Cooper, Inc., etc., et al.*, 239 Va. 71 (1990), lienors filed amended bills of complaint to add new defendants after the six month limitation period. The new defendants were necessary to the suit. The court held that "in the context of Code Section 43-17 . . . when an amendment introduces a new claim or makes new demands, the statute continues to run until the time of the amendment." 239 Va. 71, 76, *citing Neff v. Garrard*, 216 Va. 496, 498, 219 S.E.2d 878, 879-80 (1975).

This holding was reiterated in *Winder Plumbing, Heating and Air Conditioning, Inc. v. Kanawha Trace Development Partners, et al.*, 19 Va. Cir. 333 (1990); *Ginda & Wax, Inc., et al. v. Kenneth J. Lundquist, et al.; A. E. Tate Lumber Co., Inc. v. Kenneth J. Lundquist, et al.*, 18 Va. Cir. 465 (1990); and *United Materials and Services, Inc. v. National Capital Developers et al.*, 8 Va. Cir. 48 (1982).

Therefore, because plaintiff Kelly's Amended Bill of Complaint introduces new claims against new parties (as to the plaintiff) the statute of limitations has expired as to the new defendants.

The plaintiff made reference in his oral argument to the possible application of supplemental jurisdiction. Such applicability has been specifically rejected. Va. Code Ann. § 8.01-229(I) (General considerations, applicability in federal court):

> When a federal statute of limitations is applic-
> able, a court must look to federal law for any
> appropriate tolling provisions. Where there are
> no such provisions, it would be inappropriate
> for the court to look to this section to toll
> the running of the limitations period. *Hewlett
> v. Russon*, 649 F. Supp. 457 (E.D. Va. 1986).

Therefore, when the Court is concerned with Virginia law, the Virginia procedure concerning statutes of limitations should be used. Supplemental jurisdiction arguments are not appropriate in this case.

The statute of limitations was not suspended by the original filing of the suit. In Virginia there are only four instances where the statute of limitations can be suspended:

> In only four instances is there a suspension
> of the statute of limitations by reason of
> the pendency of a former suit brought in due
> time. There are (1) where the suit abates "by
> the return of no inhabitant," -- that is where
> the writ is not served for that reason; (2)
> where the suit abates by reason of the "death
> or marriage" of the suit abates by reason of
> the "death or marriage" of a party; (3) where,
> after the plaintiff has obtained a judgment
> or decree in his favor, it is "arrested or
> reversed upon a ground which does not preclude
> a new action or suit for the same cause"; (4)
> where "there be occasion to bring a new action
> or suit by reason of the loss or destruction
> of any of the papers or records in a former
> suit or action which was in due time." *Jones
> v. Morris Plan Bank*, 170 Va. 88, 195 S.E. 525
> (1938); *Woodson v. Commonwealth Util., Inc.*,
> 209 Va. 72, 161 S.E.2d 669 (1968); *Atkins v.
> Schmutz Mfg. Co.*, 435 F.2d 527 (4th Cir. 1970),
> *cert. denied*, 402 U.S. 932, 91 S. Ct. 1526,
> 28 L. Ed. 867 (1971).

None of the above conditions exist in the present case. Therefore, the statute of limitations was not suspended.