## CIRCUIT COURT OF FAIRFAX COUNTY

Frank Myska

v.

RMS Technologies, Inc.

October 21, 1991

Case No. (Law) 106889

## By JUDGE JACK B. STEVENS

This matter has been under advisement for the Court to consider the defendant's Plea in Bar to Count III of the Motion for Judgment. The Court has considered the arguments of counsel, the briefs filed, and the cases cited by both sides. For the reasons that follow, the Plea in Bar is overruled as to the August 5, 1986, use of plaintiff's name and resume alleged in paragraph 5 of the Motion for Judgment and sustained as to the September 1985 use alleged in paragraph 6. The plaintiff is granted leave to amend.

Count III of the Motion for Judgment is a claim for misappropriation of plaintiff Frank Myska's name and resume without his consent, in violation of § 8.01-40, Code of Virginia (1950), as amended. The parties are in agreement that the five year statute of limitations in § 8.01-243(B), Code of Virginia (1950), as amended, applies to violations of § 8.01-40. *Lavery v. Automation Management Consultants, Inc.*, 234 Va. 145, 360 S.E.2d 336 (1987). However, the parties disagree as to when the statute of limitations began to run; specifically, whether multiple violations of § 8.01-40 by this defendant gave rise to several individual claims for misappropriation or simply one all-encompassing cause of action.

Paragraph 5 of the Motion for Judgment alleges that on *August 5, 1986,* the defendant used plaintiff Myska's name and resume without his consent in a technical proposal in order to obtain a contract from the Defense Communications Agency (DCA). Paragraph 6 states that, upon information and belief, the defendant used plaintiff's name and resume as early as *September of 1985* in a presentation to DCA, in order to be pre-selected for the August 1986 bid. The Motion for Judgment was filed on July 5, 1991.

Borrowing from defamation law, the defendant urges this Court to apply the single publication rule to this misappropriation claim so that the statute of limitations began to run upon the first use of the plaintiff's name and resume, which the Motion for Judgment claims was as early as September of 1985. According to the defendant, the filing of this suit on July 5, 1991, more than five years after the 1985 use, was simply too late, regardless of the later August 1986 use alleged. Conversely, the plaintiff argues that each use of plaintiff's name and resume was a new violation of § 8.01-40. Additionally, the plaintiff argues that the defendant's fraudulent acts to conceal facts regarding this cause of action tolled the statute of limitations.

The Court rejects plaintiff's fraudulent concealment argument. A vague allegation of fraudulent concealment in a memorandum opposing a Plea in Bar is insufficient to overcome the bar of the statute of limitations. *See Pocahontas Supreme Coal Co. v. Bethlehem Steel,* 828 F.2d 211 (4th Cir. 1987); *Burton v. Terrell,* 368 F. Supp. 553 (W.D. Va. 1973).

The Single Publication rule in the Restatement (Second) of Torts states:

Section 577A. Single and Multiple Publications.

(1) Except as stated in Subsections (2) and (3), *each of several communications to a third person by the same defamer is a separate publication.*

(2) A single communication *heard at the same time* by two or more third persons is a single publication.

(3) Any one edition of a *book* or *newspaper,* or any one *radio* or *television broadcast,* exhibi-

tion of a *motion picture* or *similar aggregate communication* is a single publication . . . .

Restatement (Second) of Torts § 577A (emphasis added).

Although the rule was developed for use in defamation cases, the Court agrees with the defendant that the rationale for its application in certain invasion of privacy cases is appropriate. In deciding whether the single publication rule was applicable to certain invasion of privacy case, the Court in *Khaury v. Playboy Publications, Inc.* reasoned as follows:

> This rule was adopted in recognition of the vast multiplicity of suits which could arise from *mass publications* which transcend a variety of medias and state lines, and the attendant problems of choice of law, indefinite liability, and endless tolling of the statute of limitations (citations omitted).
> *It would appear that the rule, then, is not aimed at the particular tort alleged, but rather at the manner in which the tort is executed.* If the wrong arises out of a *mass communication*, then whether it sounds in defamation or statutory invasion of privacy, the same considerations should apply.

450 F. Supp. 1342, 1354 (S.D. N.Y. 1977) (emphasis added).

None of the situations proposed in 577A(2) and (3), which make up the single publication rule, is present in the case at bar. Here, there is no claim of a communication heard by a number of persons at the same time, nor is there any allegation of an aggregate or mass communication. Instead, the facts fit more neatly into the situation described in § 577A(1) of the restatement, that there was more than one communication to a third person by the same publisher. According to the general rule as set forth in 577A(1), each communication was a separate publication.

The cases cited by the defendant simply do not support the opposite result for a case with the set of facts of the case at bar. *Pascuzzi v. Montcalm Publishing Corporation*, 410 N.Y.S.2d 325 (1978), and *Khaury v. Playboy Publications, Inc.*, 430 F. Supp. 1342 (S.D. N.Y. 1977), are

both cases where there actually was an aggregate or mass publication. That is not the situation in this case. Similarly, *Semida v. Rice*, 863 F.2d 1156 (4th Cir. 1988)[1], a libel action, is factually distinguishable. Accordingly, the Court will not apply the single publication rule to bar this misappropriation suit where no mass communication was used.

---

[1] In Semida, the 4th Circuit refused a plaintiff's argument that republication of a libelous letter took place when the file which contained the letter was transferred to another person in the same organization. 863 F.2d 1156 (4th Cir. 1988). Analogising this transmission to multiple copies of the same edition of a book or magazine, the Court held it to be an aggregate communication rather than a republication. Id. at 1161.

Although the rationale and conclusion in Semida are well-reasoned and appropriate for the facts of that case, this Court does not agree that they are applicable to the case at bar. The Court agrees that the re-transmitted letter in Semida is similar to the same edition of a book or magazine. But the facts of the case at bar are more similar to the cases cited by the plaintiffs where there is a NEW edition of a book published. In those cases, courts have treated the new edition as republication. See Nedel, "What Constitutes 'Single Publication' Within Meaning of Single Publication Rule Affecting Action for Libel and Slander, Violations of Privacy, or Similar Torts," 41 A.L.R.4th 541, sect. 6. In the case at bar, the Court is of the opinion that each proposal was like a new edition of a book.