8

## CIRCUIT COURT OF FAIRFAX COUNTY

David E. Harvey Builders, Inc.

v.

Umbrella One
Limited Partnership et al.

February 18, 1992

Case No. (Chancery) 120752

BY JUDGE WILLIAM G. PLUMMER

This matter came before the Court on December 13, 1991, for a hearing on the demurrers of Defendant HCP 500–540 Limited, Inc., and Defendants The Chase Manhattan Bank, N.A., Craig C. Reilly, Trustee, and Michael McGettigan, Trustee (together "Trustees"). For the reasons below, the Court sustains the Defendants' demurrers and grants Plaintiff, David E. Harvey Builders, Inc., leave to amend the Bill of Complaint.

### Bankruptcy Stay

When a demurrer lies to a bill of complaint, a court may look only to the complaint itself, together with the exhibits filed with it, to determine its sufficiency. *See generally*, 6A Michie's Jurisprudence, *Demurrers*, § 2 (1991). In ruling on the Defendants' demurrers, the Court may not look to facts beyond the four corners of the pleadings.

In a suit to enforce a mechanic's lien, the lienor bears the burden of alleging that he has timely filed suit. Accordingly, where the time limitation has otherwise expired, the claimant must affirmatively allege the existence of any applicable tolling provision that may enable him to maintain his suit. In their memoranda of law, the parties allege facts concerning bankruptcy proceedings involving Defendant

Umbrella One Limited Partnership and their potential tolling of the six-month limitation period under Code § 43–17. Neither the Bill of Complaint nor the amended Bill of Complaint, however, contain allegations concerning a stay in bankruptcy that may affect this litigation.

Consequently, the Court may not consider the potential tolling effect of a bankruptcy stay and must confine its analysis to the four corners of Harvey's pleadings. From this framework and for the reasons below, the Court finds that Harvey did not timely file suit to enforce its mechanic's lien.

### Factual Allegations

The facts as alleged in Harvey's Bill of Complaint are as follows. In 1990, Harvey performed contract work for Umbrella at two lots at Huntmar Corporate Park, 540 Huntmar Park Drive and 505 Huntmar Park Drive. On October 9, 1990, within ninety days from when Harvey ceased to furnish labor and materials under the contract, Harvey recorded two memoranda of mechanic's liens for amounts due under the two contracts. Harvey recorded one lien against Parcel 156-B in the amount of $156,553.82 and recorded the second lien against Parcel 156-D in the amount of $49,864.00.

Harvey filed the Bill of Complaint on April 9, 1991, alleging that it commenced this suit within six months of filing the memoranda of mechanic's liens. While the Bill of Complaint seeks to enforce Harvey's mechanic's lien against 540 Huntmar Park Drive, it does not seek to enforce a lien against 505 Huntmar Park Drive. Additionally, Harvey did not name HCP 500–540 or HCP 505 Limited, Inc. ("HCP 505") as defendants. Harvey subsequently filed an Amended Bill of Complaint on April 12, 1991, naming HCP 500–540 as a defendant to this action.

### HCP 500–540

Defendant HCP 500–540 demurs to the Amended Bill of Complaint on several grounds. Harvey's original Bill of Complaint did not name HCP 500–540 as a defendant. HCP 500–540 asserts that Harvey filed the Amended Bill of Complaint, naming HCP 500–540 as a defendant, beyond the six-month time period within which to file suit to enforce a mechanic's lien under Virginia Code § 43–17. In addition, HCP 500–540 underscores that Harvey filed its Amended Bill of Complaint without leave of Court. HCP 500–540 further ar-

gues that Harvey seeks to enforce a lien against the subject property for labor and materials that were not furnished to that property.

### Six-Month Limitations Period

A mechanic's lien claimant must file suit to enforce his lien within six months from the time he filed the memorandum of lien, or within sixty days from the time the work is completed or otherwise terminated, whichever occurs last. Va. Code Ann. § 43–17 (1990). As Virginia mechanic's lien statute creates a right unknown at common law and makes a time limitation the essence of the right as well as a constriction upon the remedy, the right expires upon the expiration of the six-month limitation. *Neff v. Garrard*, 216 Va. 496, 497, 219 S.E.2d 878 (1975). Such expiration of the right provides an absolute defense which Harvey may assert either by demurrer or by plea of the statute of limitations. *Id.* Consequently, the lienor must affirmatively allege that he has timely filed his bill of complaint. Harvey timely filed its original Bill of Complaint to enforce those liens on April 9, 1991. Harvey did not name HCP 500–540 as a party, however, until it filed an Amended Bill of Complaint on April 12, 1991, three days after the running of the six-month period.

Two significant problems affect Harvey's ability to maintain its suit against HCP 500–540. First, Harvey never obtained leave of Court to file an Amended Bill of Complaint. By filing the Amended Bill of Complaint, therefore, Harvey violated Rule 1:8, which provides, "No amendments shall be made to any pleading after it is filed save by leave of court." Accordingly, the Amended Bill of Complaint and the claims therein are not properly before this Court.

Granting leave to file the Amended Bill of Complaint does not toll the limitations period as to the newly-added party. Where an amendment introduces a new claim or generates new demands, the six-month limitations period continues to run until the time of the amendment. *Mendenhall v. Douglas L. Cooper, Inc.*, 239 Va. 71, 76, 387 S.E.2d 468, 471 (1990). One may not amend a bill to enforce a mechanic's lien to add new defendants after the six months have expired. In such instances, the court deems the enforcement suit against the new defendants to have been commenced at the time of the amendment and the statutory right to a mechanic's lien has expired. *Id.; see also, Commonwealth Mechanical Contractors, Inc. v. Standard Federal Savings and Loan*, 222 Va. 330, 281 S.E.2d 811 (1981) (per curiam). Otherwise, to allow the amendment would cre-

ate a new right and would provide the lien claimant a new remedy by which to enforce that right.

Under *Mendenhall* and *Commonwealth Mechanical Contractors*, the Court finds that Harvey did not commence the suit to enforce mechanic's liens against HCP 500–540 until it filed the Amended Bill of Complaint on April 12, 1991, three days after the statutory right had expired. Within the narrow confines of mechanic's lien law, the Court is unable to deem the Amended Bill of Complaint to relate back to the original filing on April 9, 1991.

### Over-Inclusive Lien

HCP 500–540 insists that Harvey sought to enforce a lien for work performed on property other than that named in its suit to enforce mechanic's liens and concludes that the Court must entirely dismiss the Amended Bill of Complaint. While the Court finds that Harvey's suit seeks to enforce against 540 Huntmar Park Drive the lien for labor and materials furnished to 505 Huntmar Park Drive, the Court dismisses the Amended Bill of Complaint only to the extent that it seeks to enforce the mechanic's lien filed against 505 Huntmar Park Drive.

HCP 500–540 relies on *First National Bank v. Roy N. Ford Co.*, 219 Va. 942, 252 S.E.2d 354 (1979), wherein the Supreme Court of Virginia held that a lien claimant may not enforce a mechanic's lien against a parcel of property for the cost of labor or materials which the claimant did not furnish to that particular parcel. HCP 500–540, however, has overlooked the remedy approved in *First National Bank*, which would not require a dismissal of Harvey's entire Amended Bill of Complaint. In that case, a lienor included in a memorandum of lien against one project debts owing on other projects. Rather than invalidating the lien, the trial court simply reduced the lien by the amount chargeable to work performed on the other projects and then enforced the lien. *Id.* at 944. Reasoning that the lienor had not knowingly included the work from other projects, the Supreme Court affirmed the trial court's reduction of the lien.

In any event, the present facts are somewhat different from those in *First National Bank*. HCP 500–540 has not demonstrated that Harvey improperly included in its memoranda of lien work performed on unrelated property. HCP 500–540 merely insists that Harvey included a separate lien for an unrelated parcel in its suit to enforce the lien against 540 Huntmar Park Drive. This claim challenges the enforcement of Harvey's liens, not their perfection.

12

Although Virginia demands strict compliance with the Virginia Code regarding creation or perfection of a mechanic's lien, the Court may liberally construe those provisions concerning its enforcement. *See, H.N. Francis & Co., et al. v. Hotel Rueger, Inc.*, 125 Va. 106, 99 S.E. 690 (1919). Thus, the Court finds that Harvey's error in enforcement does not warrant the drastic result advanced by HCP 500–540. Accordingly, the Court does not dismiss Harvey's suit in its entirety. Rather, I dismiss Harvey's Amended Bill of Complaint only to the extent that it endeavors to enforce the mechanic's lien filed against 505 Huntmar Park Drive.

### Chase Manhattan and the Trustees

Defendants Chase Manhattan and the Trustees demur to Harvey's Amended Bill of Complaint on the grounds that these Defendants have no interest, either in possession or expectancy, in the property that is the subject of this lawsuit. They contend that Chase Manhattan transferred by assignments to HCP 500–540 and HCP 505 any interest it had in the subject property.

In its memorandum of law, Harvey advances a theory by which it maintains the Court should pierce the corporate veil to find that Chase Manhattan maintains an interest in the Huntmar Corporate Park property. Harvey argues that HCP 500–540 and HCP 505 act only as the alter ego to Chase Manhattan and that Chase Manhattan created HCP 500–540 and HCP 505 simply to defraud its creditors. Contending that Chase Manhattan totally controls these two entities, Harvey concludes that Chase Manhattan is the true owner of Parcels 156-B and 156-D.

The Amended Bill of Complaint, however, contains no allegations supporting Harvey's contention that Chase Manhattan is the actual owner of the Huntmar parcels. Harvey does not allege any fact suggesting a need to pierce HCP 500–540's corporate veil; it raises these issues only in its memorandum of law. As the Court may not look outside Harvey's pleadings, the Court may not consider this argument and must accept HCP 500–540 and HCP 505 as corporate entities separate and independent from Chase Manhattan.

As Chase Manhattan no longer has an interest in the property subject to this suit, the Court sustains the demurrer of Chase Manhattan and its Trustees and dismisses Harvey's claims as to these Defendants.

Although Harvey did not obtain leave prior to filing the Amended Bill of Complaint, the Court now grants Harvey leave to file the

Amended Bill of Complaint effective April 12, 1991. Further, the Court grants Harvey twenty-one days' leave to amend to plead any allegations concerning bankruptcy proceedings as counsel may deem advisable.