## CIRCUIT COURT OF FAIRFAX COUNTY

William R. Armstrong

v.

Bank of America

February 6, 2003

Case No. (Law) 189783

BY JUDGE DAVID T. STITT

This case involves an allegation by William R. Armstrong that the Bank of America slandered his credit and reputation. In his Motion for Judgment filed August 4, 2000, Armstrong alleged that the Bank of America improperly reported to credit reporting agencies as unpaid a $1,100 charge from his Bank of America Visa card.

Both parties agree that a one-year statute of limitations applies to this claim pursuant to Va. Code § 8.01-247.1. The parties also agree that Armstrong's claim was not tolled during the period of time Armstrong was unaware of the allegedly defamatory report.

On October 11, 2002, this Court held that all claims arising more than one year prior to August 4, 2000, were barred and gave Armstrong leave to amend the Motion for Judgment.

Armstrong filed an Amended Motion for Judgment on October 31, 2002, raising three new claims of credit slander by republication in February 2000, November 2000, and October 2001.

The issue to be decided is whether republication of defamatory statements by a third party creates a cause of action separate from the original publication. The Court finds that in the context of this case, republication creates a distinct and separate cause of action, and thus each claim must meet the requirements of the statute of limitations.

The rule in Virginia on republication of alleged slander was set forth by the Supreme Court of Virginia in *Weaver v. Beneficial Finance Co.*, 199 Va. 196, 98 S.E.2d 687 (1957), as follows:

> It is well settled that the author or originator of a defamation is liable for a republication or repetition thereof by third persons, provided it is the natural and probable consequence of his act, or he has presumptively or actually authorized or directed its republication. This is based upon the principle that such republication constitutes a new cause of action against the original author. However, the original author is not responsible if the republication or repetition is not the natural and probable consequence of his act, but is the independent and unauthorized act of a third party.

*Weaver*, 199 Va. at 199, 98 S.E.2d at 690. An exception to the *Weaver* rule which has been accepted by a number of states and federal jurisdictions is known as the "single publication rule."

Under the single publication rule "any one edition of a book or newspaper, or any one radio or television broadcast, exhibition of a motion picture or similar aggregate communication is a single publication." *Myska v. RMS Technologies, Inc.*, 25 Va. Cir. 344 (Fairfax 1991) (quoting Restatement (Second) of Torts § 577A(3)). The single publication rule is intended to protect "defendants and the courts from the numerous suits that might be brought for the same words if each person reached by such a large-scale communication could serve as the foundation for a new action." Restatement (Second) of Torts § 577A, Comment on Subsection (3).

The single publication rule has been cited favorably by this and other Virginia Circuit Courts, e.g., *Myska v. RMS Technologies, Inc.*, 25 Va. Cir. 344 (Fairfax 1991) (quoting Restatement (Second) of Torts § 577A(3)), and *Moon v. CBS, Inc.*, 7 Va. Cir. 68 (Richmond City 1981), as well as by the United States District Court for the Eastern District of Virginia in *Moore v. Allied Chemical Corp.*, 480 F. Supp. 364 (E.D. Va. 1979). However, it never has been adopted explicitly by the Supreme Court of Virginia.

In any event, the Court finds that the single publication rule is not applicable to credit slander. The rationale underlying the single publication rule, which is to avoid the overwhelming multiplicity of lawsuits that could result from defamatory statements contained in mass publications such as newspapers and magazines, is not relevant to a credit slander case. A credit report is issued in confidence to only those persons with the appropriate credentials to access the report, and the subject of the report may not learn of an inaccurate report until well after the issuance of the initial inaccurate report. Accordingly, the *Weaver* rule determines when the statute of limitations begins to run on credit slander, and the statute begins to run anew with each

republication of the allegedly slanderous credit report. *Weaver*, 199 Va. 196, 98 S.E.2d 687.

In summary, this Court finds that *Weaver* is applicable to the case at hand. As each republication is a new and separate cause of action, we must now look at the new claims raised by Armstrong in his Amended Motion for Judgment.

In *Neff v. Garrard*, 216 Va. 496, 219 S.E.2d 878 (1975), the Supreme Court of Virginia held that, if an Amended Motion for Judgment sets up no new cause of action or claim and makes no new demands, but simply varies and expands the original cause of action, the amendment relates back to the commencement of the action and stops the running of the statute of limitations as of the date of the original Motion for Judgment. *Neff*, 216 Va. at 498, 219 S.E.2d at 879. However, if an Amended Motion for Judgment introduces a new or different cause of action or makes a new or different demand, it does not relate back and the statute continues to run until the date the Amended Motion for Judgment is filed. *Id.*

As each republication is a new cause of action, the filing of the Motion for Judgment on August 4, 2000, did not toll the running of the statute of limitations as to the February 2000, November 2000, and October 2001 claims. (Only the month and year are provided in the Amended Motion for Judgment.) As the three new claims were raised for the first time in the Amended Motion for Judgment filed on October 31, 2002, they all are barred by the one-year statute of limitations.

Finally, because the alleged credit slander claim of November 1999, the only claim included in the original Motion for Judgment that was not barred by the statute of limitations, is not alleged in the Amended Motion for Judgment, there is nothing further for this Court to decide.